52   303
79a   48

# DANIEL O'HARA

*v.*

# SIMEON W. KING.

1. PUBLIC OFFICES—*of the right of private persons to enter the same.* Every person, has a right to enter and remain in a public office, such as the office of the clerk of a court, even from motives of curiosity, merely, during such hours as the same may be open for the transaction of public business, so long as he conducts himself properly, and in no way interferes with, or impedes the business being transacted.

2. INSTRUCTIONS—*of oral statements by the court to counsel.* The act of February 25, 1857, which declares that "Hereafter, no judge of the circuit court shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing," should not be construed as prohibiting the court from confining counsel in their argument, to such points of law as he may suppose control the case, and from stating, orally, to the counsel, in the presence of the jury, what those points are.

3. BILL OF EXCEPTIONS—*presumption.* When it is alleged, on error, that the court below made remarks to counsel, orally, in violation of the statutory rule that instructions to the jury must be in writing, if it does not appear by the bill of exceptions what the court did say, it will be presumed the oral remarks were not of such character as to come within the rule. Per Mr. JUSTICE WALKER.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of trespass, *vi et armis*, brought by Simeon W. King, against Daniel O'Hara. The facts are these: On the 6th day of April, 1868, the defendant was clerk of the recorder's court of the city of Chicago, and in possession of a room in the court house building, where he conducted his business. About seven o'clock in the evening, while the defendant was in the office transacting public business, the plaintiff entered, having, as he testified, no business, for the purpose of whiling away the time; the office was crowded, and on being asked by the defendant if he had any business to be attended to, replied he had none. He was then told that he was standing in the way of others who had business, and was requested to depart. He refused to go, whereupon the defendant forcibly ejected him from the office. And upon the trial below, the jury awarded the plaintiff a verdict of $166, for which judgment was rendered. The defendant appealed to this court.

Mr. FRANCIS ADAMS and Mr. WILLIAM K. MCALLISTER, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

We perceive no error in this record. The plaintiff below was rightfully in the office of the defendant, it being a public office, he interfering with no one, in no way impeding the business then being transacted, and conducting himself in a quiet and orderly manner. We know no law forbidding a person, conducting himself properly, from entering a public office from motives of curiosity merely, at such hours as the office may be open for the transaction of public business.

That such was the condition of this office at the time of the assault, is shown by the proof.

It is not like the case of *Woodman* v. *Howell*, 45 Ill. 367. The office, in that case, was a private office, and the intruder had been requested to leave, and on his failing to do so, it was held he was properly ejected by force.

The objection to this record, which has had some weight upon our minds is, the exception taken by the defendant to the action of the court, after his counsel had risen to address the jury.

The bill of exceptions states that the court, after all the testimony had been offered, by both parties, and after Mr. Adams, defendant's counsel, had commenced his argument to the jury, interrupted the counsel, and proceeded to state, and did state, orally, in the presence and hearing of the jury, the opinion of the court as to the law of the case, and which statement was not reduced to writing.

It is insisted by appellant, that this conduct of the court was equivalent to an instruction to the jury, and as it was not in writing, was in violation of the act of February 25, 1857, and should reverse this judgment.

The act referred to is as follows: "Hereafter, no judge of the circuit court shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing." Scates' Comp. 261.

20—52ND ILL.

Giving to the term "instruct," as here used, its technical meaning, and confining it to that, the record fails to show that the court gave any instruction to the jury. It is unavoidable, on the trial of a cause before a jury, that the judge will be required to state points of law on which he may suppose the case turns, and it is right, and his duty also, to confine counsel, in their argument to the jury, to such points of law as he may suppose control the case. In deciding upon a question of evidence, the court may have occasion to discuss many points of law involved in the case, and this, necessarily, in the presence of the jury. The statute, we conceive, was not designed to meet any such case. Taking the record as it is, we fail to see that the court gave any oral instructions to the jury, and, consequently, did not disregard the act of the legislature above cited. It is not like the case of *Ray* v. *Wooters*, 19 Ill. 82. There, the court modified orally a written instruction, and for that reason alone the judgment was reversed.

This case falls far short of that case. The facts are not the same, and nothing in the record warrants the conclusion that the oral remarks of the court to the opening counsel were equivalent to instructions to the jury, or intended for their ears. The remarks were made to the counsel, and for his guidance alone. We see no error in the record, and must affirm the judgment.

WALKER, J. The bill of exceptions fails to show, in terms or in substance, what the court did say to the attorney. Whether it only confined the attorney to the legal questions involved in the case, or was, in substance, an instruction to the jury, we are not informed, and we must presume the court below acted properly until the contrary is shown. Plaintiff in error must show that error has intervened to his injury before he has a right to claim a reversal. As he has failed to

present in his bill of exceptions what was said by the court, we are unable to say the statute has been violated. If error existed, he should have shown in what it consisted.

*Judgment affirmed.*