# The People of the State of Illinois, Defendant in Error, v. D. D. Root, Plaintiff in Error.

## Gen. No. 16,597.

ASSAULT AND BATTERY—*when owner may eject person upon his premises.* One has no right to go into or upon the premises of another whether it is a business office, store, workshop, factory or other place

of business when the owner has forbidden him to do so.  When a person enters the premises of another and is requested to depart and refuses so to do, the owner may eject him without incurring liability, provided he uses no more force than is reasonably necessary for that purpose.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1910.  Reversed.  Opinion filed April 19, 1912.

D. D. ROOT, plaintiff in error, *pro se;* E. LANGTRY, of counsel.

JOHN E. W. WAYMAN, for defendant in error, CHARLES V. BARRETT, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The plaintiff in error was charged with assault and battery by one Mrs. Boucher.  There was a trial before the court without a jury, and Root was found to be guilty and a fine of $10 and costs was imposed.

From the record it appears that Root, the plaintiff in error, is a lawyer, and that the complaining witness, Mrs. Boucher, had been a client of his.  She had been to his office on at least two occasions prior to the time in question and demanded money which she claimed to have loaned on real estate, the mortgage or trust deed to secure which had been foreclosed.  On February 17, 1910, she returned to the office and again demanded the money and called the defendant a thief and a robber.  She admitted that she had been told on prior occasions not to come to the office again.  She further testified that the defendant threw her to the floor and against the windows and doors and "dragged me out like a dog."

The testimony of the defendant and several witnesses called by him was to the effect that he used no force at the time of ejecting Mrs. Boucher from his office, or at least no more force than was necessary to get her out.

In passing upon the case the court said: "The trouble about this matter is, Mr. Root takes the law in his own hands and attempts to eject this woman, perhaps with good intentions, but nevertheless he does it. Of course, under the law he had no right to lay hands on her at all or touch her; no doubt about that." The plaintiff in error then asked: "Didn't I have the right to use force necessary to put her out?" The court answered: "No."

We think the court was in error as to the law governing the case. One has no right to go into or upon the premises of another, whether it is a business office, store, workshop, factory, or other place of business, when the owner has forbidden him to do so. When a person enters the premises of another, and is requested to depart and refuses so to do, the owner may eject him without incurring liability, providing he uses no more force than is reasonably necessary for that purpose. Woodman v. Howell, 45 Ill. 367.

While the testimony of the complaining witness was to a slight extent corroborated by an office boy, we think the testimony preponderated in favor of the plaintiff in error, and that he did not use unreasonable force in ejecting the complaining witness from his office.

The judgment of the Municipal Court will therefore be reversed.

*Reversed.*