**Ronald Watkins, Appellee, v. Thomas Sullivan, and David Hickey, Appellants.**

**Gen. No. 46,825.**

First District, Second Division.

June 26, 1956.

Released for publication September 11, 1956.

John C. Melaniphy, Acting Corporation Counsel, of Chicago, for appellants; L. Louis Karton, Head of Appeals and Review Division, Harry H. Pollack, and Sidney R. Drebin, Assistant Corporation Counsel, all of Chicago, of counsel.

Frank H. Kirk, of Chicago, for appellee.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Ronald Watkins, a minor, brought an action against Thomas Sullivan and David Hickey for false imprisonment. Laura Bumpus was also joined as a defendant in the complaint and charged with false imprisonment and malicious prosecution. Prior to the trial Laura Bumpus died, and the suit abated as to her. The case against Sullivan and Hickey was tried before a jury, which returned a separate verdict against each defendant for $2,500. The court entered judgments on the verdicts. At the close of all the evidence the defendants moved that the court instruct the jury to find the defendants not guilty, and after judgment made a motion for judgment notwithstanding the verdict and motion for new trial, all of which motions were denied. From the judgments and orders entered the defendants take this appeal.

The defendants here contend that the court erred in denying their motions for a directed verdict at the close of all the evidence and for a judgment notwithstanding the verdict; that the court erred in entering separate judgments against the defendants; and that the judgments are excessive.

On December 28, 1949 the defendant detectives Sullivan and Hickey, working as a team, were ordered on the complaint of Laura Bumpus, cashier, to investigate the robbery of a theater at 410 South Michigan avenue, Chicago, Illinois. On January 3, 1950, as a result of their investigation, they arrested plaintiff who, on questioning, denied having committed the robbery. Laura Bumpus signed a complaint charging the plaintiff with the robbery, and on a hearing in the Municipal Court she again identified the plaintiff as the robber. The judge of the Municipal Court found probable cause for filing the complaint, ordered the issuance of a warrant against the plaintiff and fixed bail. On January 20, 1950 the grand jury brought in a no bill as to the plaintiff, who was thereupon discharged. No further

action with reference to the plaintiff was taken by the defendants.

The defendants contend that the action against them for false imprisonment cannot be sustained since their arrest of plaintiff made without a warrant was a proper arrest inasmuch as a felony had been committed and they had reasonable ground for believing that the person to be arrested had committed the offense in question. Section 4 of division VI of the Criminal Code (Ill. Rev. Stat. chap. 38, par. 657) provides:

"An arrest may be made by an officer . . . without warrant . . . when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it."

██ When a felony has in fact been committed and an officer has reasonable ground for believing that the person to be arrested has committed the offense, he is expressly authorized to arrest that person without warrant and his authority is the same as if he held a warrant commanding him to make the arrest. People v. Brown, 354 Ill. 480.

The plaintiff argues that the commission of the robbery was not proved. The uncontradicted evidence in the record is that on December 28, 1949, after a report of the robbery was made to the police, the police immediately went to the scene of the robbery. The defendants Hickey and Sullivan made an investigation and determined that the robbery had taken place about 8:45 p. m. They got a description of the robber and at that time made a formal routine report. Nowhere in the record does there appear anything that would question in any way the fact that a robbery had actually been committed.

██ The ground for believing that the person arrested is guilty of an offense must be such as would influence the conduct of a prudent and cautious man

137

under the circumstances, and in determining that question each case must be considered upon its own facts. People v. Kissane, 347 Ill. 385; People v. Exum, 382 Ill. 204. The justification for arrest must be judged by the circumstances at the time of the arrest and does not depend upon the actual guilt or innocence of the person arrested. Shelton v. Barry, 328 Ill. App. 497. There is no formula for determining what is a reasonable belief. It must be decided upon the circumstances in each case. People v. Tillman, 1 Ill.2d 525.

It is uncontradicted that on December 28th when the defendant police officers first went to the theater they were informed by Laura Bumpus that a robbery had been committed and they were given a description of the robber; that at that time she told them she thought she knew who had robbed her but that she was not sure; and that on December 30th she told the defendant Sullivan that the plaintiff Watkins, whom she knew and who knew her, was the one who had robbed her. The physical description of the plaintiff given to the defendant officers by Bumpus, which was recorded by them in their routine report and arrest slip, was substantially that of the plaintiff. It is also worthy of note that the uncontradicted testimony shows that after the arrest Bumpus identified the plaintiff as the robber; that she subsequently signed a sworn complaint against the plaintiff; that a hearing was had in the Municipal Court of Chicago and that at the hearing before the Municipal Court of Chicago she again positively identified the plaintiff, and an experienced judge, after hearing the evidence, found there was probable cause for filing the complaint, issuing a warrant and holding the plaintiff to the grand jury.

■ The only basis upon which defendant police officers, acting in their official capacity, could be held liable in a civil suit for false imprisonment would be that the original arrest was improper. Since the evi-

dence as to the commission of the felony and the grounds upon which the defendant officers made the arrest was uncontradicted, the only question presented to the trial court on the motion for a directed verdict at the close of all the evidence and on the motion for judgment notwithstanding the verdict was as to whether the jury could properly find that the existing circumstances were such as would not justify a prudent and cautious police officer in making the arrest. Under the statute and under the uncontradicted facts in evidence the police officers not only had the right but the duty to arrest the plaintiff. The trial court should have directed a verdict for the defendants at the close of all the evidence or should have entered judgment in their favor notwithstanding the verdict.

The cases cited by the plaintiff in support of his contentions are not applicable because of the different factual circumstances therein involved. There is no set formula which an officer must use in making an arrest. Here the evidence clearly indicates that the plaintiff was arrested by the officers upon a reasonable belief, based upon their investigation, that he had committed the robbery.

The court erred in denying the motions for directed verdict and judgment notwithstanding the verdict. We do not find it necessary to consider the other contentions raised by the defendants. The judgments of the Superior Court are reversed.

Judgments reversed.

ROBSON and SCHWARTZ, JJ., concur.