Louis Alvarez, Plaintiff-Appellee, v. Eugene Reynolds and John Leavitt, Defendants-Appellants.

Gen. No. 48,450.

First District, Third Division.

February 7, 1962.

Rehearing denied March 21, 1962.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and John J. O'Toole, Assistant Corporation Counsel, of counsel), for appellants.

Joseph Barbera, of Chicago (John W. Schelthoff and Charles D. Snewind, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict for $10,000 in an action for false arrest and imprisonment. Defendants are officers in the Chicago Police Department. They arrested plaintiff at approximately 2:45 a. m., on May 29, 1953. About fifteen minutes earlier, defendants had been standing at the corner of Jackson Boulevard and Halsted Street, an industrial area. One Thomas approached them and said he had been robbed at knife-point by three men. He led defendants south on Halsted Street toward Gladys Street, an alley-type street a half block south of Jackson Boulevard, where they saw three men standing 100 to 150 feet up the alley to their east. Thomas said they looked like the robbers. When defendants identified themselves as police officers and called to the men to stop, two of them vanished in the darkness. Defendants apprehended the third man and walked with him and Thomas back to Halsted Street. They then saw plaintiff. They testified that he was walking south toward them from a point 40 to 50 feet north, on their side of Halsted Street. Plaintiff disputed this, saying he was going north and was stopped by the officers when he reached Gladys Street.

Defendants arrested plaintiff and shortly thereafter turned him over to investigating detectives who removed him to the police station, where Thomas signed a complaint. Plaintiff was locked up at about 3:30 that morning. Two days later, on Sunday, May 31, he was booked and allowed to make a call. He was brought into court the next day. After establishing an alibi and passing a lie detector test, the charges were dismissed.

■ Defendants' first point is that they had reasonable grounds for arresting plaintiff without a warrant and that the arrest was therefore legal. The Criminal Code prescribes two requirements for

56

an arrest without a warrant by an officer for a crime not committed or attempted in his presence. A crime must in fact have been committed, and the officer must have reasonable ground for believing the person to be arrested has committed the crime. Ill Rev Stats, ch 38, § 657 (1961).

■ The first question therefore, is whether a crime had been committed. This depends on whether we can accept Thomas's statement that he had been robbed. Thomas persisted in the charge by identifying one of the men in the alley, by signing the complaint, and by appearing at the arraignment hearings on June 1 and June 17, 1953. Only a demented person or a prankster would have pretended to be the victim of such an offense. The circumstances do not warrant such an assumption. The dismissal of plaintiff upon the showing of an alibi and the results of a lie detector test disproves only plaintiff's guilt—not the fact of the crime. Proof of this issue need not rest on only such evidence as would be admissible on the trial of the accused person. It may, for example, be hearsay and yet be of a strong and compelling nature. In People v. Kalpak, 10 Ill2d 411, 140 NE2d 726, evidence of a formal complaint, description by the complaining witness, and knowledge of the place frequented by the defendant and his behavior when located there, were held to show that a crime had been committed. In People v. DePompeis, 410 Ill 587, 102 NE2d 813, cert denied, 346 US 904, the arresting officer's testimony of receiving a description of a suspect was competent to show his knowledge that a felony had been committed so as to allow his testifying concerning the finding of a gun in the resultant search.

■ Accepting plaintiff's testimony, which at most indicates that Thomas may have been intoxicated and incoherent, we must in the light of the time, place and attendant circumstances and the fact that no evidence to the contrary was offered, hold that the evi-

dence shows that a crime was committed. See Watkins v. Sullivan, 11 Ill App2d 134, 136 NE2d 528.

■ The next question is whether defendants had reasonable grounds for believing plaintiff had committed the crime. It is difficult to formulate a general determination of what constitutes reasonable or probable cause for arrest. The question must be resolved by the facts of each case in terms of the practical considerations of everyday life upon which reasonable men act. People v. Fiorito, 19 Ill2d 246, 166 NE 2d 606, cert denied, 364 US 870; People v. Jones, 16 Ill2d 569, 158 NE2d 773; Watkins v. Sullivan, supra.

The evidence concerning the location of plaintiff at the time of his arrest is most striking. Under either his or defendants' version, plaintiff was arrested at a point some distance west of the place in the alley where the two fugitives had been. This was the one direction not specified by the officers as having been the destination of the running figures. Furthermore, plaintiff was walking back toward the alley and toward the officers from whom he had presumably so recently fled. That should have been enough to put defendants on notice that he was not guilty of the robbery, unless it were assumed that he was one of four robbers, which would have been a contravention of Thomas's designation of three.

■ ■ The evidence is in dispute as to whether Thomas was sober, whether he definitely identified plaintiff, and as to other relevant facts and circumstances. Something more than a mere possibility that plaintiff committed the crime is required to constitute probable cause. The evidence in the instant case was sufficient to require submission of the issues of fact to the jury. Fulford v. O'Connor, 3 Ill2d 490, 121 NE2d 767.

■ Defendants contend that when they turned plaintiff over to the detectives, their responsibility ceased, and that they cannot in any event be liable for

58

damages for unlawful detention. Defendants turned plaintiff over to the investigating detectives within a half-hour after the arrest. A city of Chicago's size requires a highly organized police department in order to surmount the enforcement difficulties with which it is confronted. Nolting v. Civil Service Commission of City of Chicago, 7 Ill App2d 147, 129 NE2d 236. In order that its operation be efficient, a division of authority and function is required and should be recognized. Defendants' duties as post police officers ceased when they turned plaintiff over to the investigating detectives. The record indicates that the detectives were named as additional defendants by plaintiff in his complaint and that the court dismissed the suit against them upon their motion. No error is charged with respect to that ruling. In Fulford v. O'Connor, supra, cited by plaintiff, the arresting officers also had the duty under the department procedure to make further investigation. Such was not the case here.

Plaintiff contends that even if defendants were not responsible for the events which followed the arrest, the failure to perform their duties by the officers to whom they were delegated was a foreseeable consequence of the arrest. This would make defendants liable for acts committed by others to whom, as we here hold, defendants, in the proper discharge of their duty, had delivered plaintiff. Such a conclusion would defeat the substance of our reasoning. It follows that the instructions incorporating the statutory provisions relating to the duty to bring a prisoner before a judge were erroneous. In the view we take of the matter, it is not necessary to determine questions relating to the detention of plaintiff.

■ Finally, the giving of instructions relating to damages for physical suffering, humiliation or injury to reputation were erroneous to the extent not supported by the evidence. In large measure they were

not so supported. The use of the phrase "if any" following the statement of each of these elements of damages does not cure the defect. In Levinthal v. Chicago Transit Authority, 345 Ill App 185, 102 NE 2d 545 (Abst Opin) plaintiff included in a similar instruction which listed items of damages, "loss of earnings, if any, proximately resulting from said injuries." We there said the instruction was in good form, but there was no evidence to support the "loss of earnings." It was therefore erroneous and reversible error. While there is some evidence in the instant case supporting an award for physical suffering, it should be noted that plaintiff had been in Chicago only a short time, was living alone, spent only some $260 for expenses and lost some $50 in wages.

The judgment is reversed and the cause is remanded, with directions to allow defendants' motion for a new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.