KENNETH A. MEERBREY, Plaintiff-Appellant, v. MARSHALL FIELD & COMPANY, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 87—0370

Opinion filed May 9, 1988.—Rehearing denied May 10, 1988.

Thomas P. Cernek and Mark H. Barinholtz, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Douglas L. Prochnow and Mark P. Miller, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

On January 19, 1985, Kenneth A. Meerbrey (plaintiff), an employee of Marshall Field & Company, a corporation licensed to do business in the State of Illinois, was dismissed upon the store's discovery that $600 was missing from its register. When plaintiff attempted to reenter the store located on State Street in Chicago on February 12, 1985, he was stopped by police and subsequently arrested. On that day, the store filed a complaint against plaintiff charging him with criminal trespass, alleging that plaintiff remained on its premises after twice being notified that his "presence was forbidden." Thereafter, plaintiff filed a four-count complaint against Marshall Field & Company and its agent and member of store security Tim Marcolini (defendants), count I of which sought to enjoin defendants from barring plaintiff's entry into their premises. Pursuant to defendants' section 2—615 of the Code of Civil Procedure motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), the trial court dismissed count I, and

plaintiff appeals. For the following reasons, we affirm.

■ In order for a preliminary injunction to issue, the plaintiff must plead and prove the following: (1) a clear and ascertainable right in need of protection; (2) an irreparable injury if the injunction is not granted; (3) an inadequate remedy at law; and (4) a likelihood of success on the merits. (*Witter v. Buchanan* (1985), 132 Ill. App. 3d 273, 476 N.E.2d 1123.) The issuance or denial of a preliminary injunction is addressed to the trial court's sound discretion. Thus, a reviewing court will not disturb the trial court's findings unless they are against the manifest weight of the evidence. (*Junkunc v. S. J. Advanced Technology & Manufacturing Corp.* (1986), 149 Ill. App. 3d 114, 498 N.E.2d 1179.) Here, plaintiff has failed to establish even the first element necessary for injunctive relief, namely, a clear and ascertainable right which needs protection.

■ The seminal case involving rights of property owners to exclude others is *Woodman v. Howell* (1867), 45 Ill. 367. In that case, the appellee, a grain inspector, was asked to leave the premises of appellant, a grain elevator operator, and when the appellee refused to do so, he was physically ejected. The trial court awarded $300 to appellee in its action for assault and battery against the appellant. The supreme court reversed the judgment and wrote:

> "We are aware of no rule which authorizes one man to go into or upon the premises of another, even if it be his business office or mercantile house, workshop, factory, or other place of business, when the owner shall have forbidden him. The fact that he has devoted it to such purposes, does not transfer the title to the public or give others the right to use it and occupy it, or deprive him of his control over it. The very fact that a professional man or a merchant or other person opens an office to transact business with and for the public, no doubt is a tacit invitation to all persons having business with him, and a permission to others to enter, unless forbidden. But he does not lose his control over it, or the right to prevent whom he pleases to enter, and to require any or all persons to depart, after they have once entered." (45 Ill. at 370.)

Applying these principles to the instant case, plaintiff was properly excluded from defendants' store, despite the fact that it is devoted to public use.

Plaintiff urges this court to disregard *Woodman*, on the ground that when the decision was rendered in 1867, human rights were not as prominent as they are today. Arguably, it was more detrimental to bar someone from a place of business 120 years ago when there were

fewer alternative places of business. In any event, the principles articulated in *Woodman* are still in effect today and were specifically followed by this court in *People v. Root* (1912), 170 Ill. App. 608, where we recognized an attorney's right to exclude an unwanted client from his office.

Plaintiff's reliance on *O'Hara v. King* (1869), 52 Ill. 303, decided only two years after *Woodman*, is misplaced. The plaintiff in *O'Hara* was ejected from a public government office, as opposed to a private business as we have here. This critical distinction was specifically noted by the *O'Hara* court in determining that the plaintiff there was rightfully in the defendant's office:

> "[This case] is not like the case of *Woodman v. Howell*, 45 Ill. 367. The office, in that case, was a private office, and the intruder had been requested to leave, and on his failing to do so, it was held he was properly ejected by force." 52 Ill. at 305.

■ Likewise, plaintiff mistakenly relies on *Robinson v. Wieboldt Stores, Inc.* (1982), 104 Ill. App. 3d 1021, 433 N.E.2d 1005, and *Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 499 N.E.2d 678, as neither of these cases involve injunctive relief where one is seeking to enter premises from which it is barred, but rather involve actions for false imprisonment. *Morris v. Faulkner* (1977), 46 Ill. App. 3d 625, 361 N.E.2d 112, also cited by plaintiff, lends credence to defendants' position as the court there upheld a tavern owner's right to exclude unwanted patrons from his bar. In so doing, the court noted that no authority exists for the presumption that an individual's right of liberty is superior to the property rights of a business owner. 46 Ill. App. 3d at 629, 361 N.E.2d at 1015.

■ Equally unpersuasive is plaintiff's citation to the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*) for the purpose of defining individual rights with respect to a place of public accommodation. The Illinois Human Rights Act is only applicable where unlawful discrimination is charged, and such is not the case here. Moreover, the Act specifically states that its definitions are applicable "strictly" in its own context. Ill. Rev. Stat. 1985, ch. 68, par. 5—101.

Furthermore, plaintiff has failed to sufficiently allege in count I of his complaint that he has no adequate remedy at law and that he will be irreparably injured if no injunction is issued. By virtue of counts II, III, and IV of his complaint in which he seeks damages for false imprisonment, malicious prosecution, and intentional infliction of emotional distress, plaintiff demonstrates that he does indeed have an adequate remedy at law. With respect to irreparable injury, clearly

plaintiff can avoid any future arrests for trespassing by simply refusing to enter defendants' store. It is difficult for this court to perceive any irreparable harm which would befall plaintiff from being unable to shop at Marshall Field & Company, as there are other stores in the area which carry similar wares. Finally, count I does not even allege a likelihood of success on the merits.

For the foregoing reasons, the judgment of the circuit court of Cook County, dismissing count I of plaintiff's complaint is affirmed.

Affirmed.

CAMPBELL, P.J., and MANNING, J., concur.