KENNETH A. MEERBREY, Plaintiff-Appellant, v. MARSHALL FIELD & COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)  No. 1—88—1150

Opinion filed September 18, 1989.—Rehearing denied November 17, 1989.

Thomas P. Cernek and Mark H. Barinholtz, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Douglas L. Prochnow and Mark P. Miller, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Kenneth A. Meerbrey (plaintiff) brought suit against defendants Marshall Field & Company (Marshall Field) and its agent, Tim Marcolini (Marcolini), for injunctive relief and damages for false imprisonment, false arrest, and malicious prosecution. The circuit court granted defendants' motion to dismiss Marshall Field from counts II through V of plaintiff's second-amended complaint[1] pursuant to sec-

---

[1]All references to the complaint are to plaintiff's second-amended complaint.

tion 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The court also struck Marcolini's name from counts III through V pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to allege sufficient factual allegations against him.[2] It is from these rulings that plaintiff appeals. We affirm in part and reverse in part.

Marshall Field employed plaintiff as a cashier and Marcolini as a security guard. On January 19, 1985, Marcolini interviewed plaintiff at work regarding the theft of approximately $600 from Marshall Field. During this interview, plaintiff signed a restitution form and promissory note acknowledging his theft and, under the terms of the restitution form, thereafter reimbursed Marshall Field $500.

On February 12, 1985, plaintiff returned to Marshall Field's premises and demanded his payroll check for past earnings. Rochella Davis, an agent of Marshall Field, informed plaintiff that he was forbidden to enter the premises and twice requested him to leave. After plaintiff failed to vacate the premises, he was arrested by the Chicago police department pursuant to Davis' sworn complaint.

Subsequently, plaintiff filed suit against Marshall Field and Marcolini alleging various causes of action. Count II of plaintiff's complaint alleges that Marshall Field and Marcolini falsely imprisoned plaintiff on January 19, 1985, while counts III through V assert claims against Marshall Field and Marcolini alleging false imprisonment, false arrest, and malicious prosecution stemming from the February 12, 1985, events.

■■ Addressing first the circuit court's dismissal of Marshall Field from counts II through V of plaintiff's complaint, the court found that the exclusivity provisions of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)) barred plaintiff's common law cause of action. The exclusive remedy provided for in section 5(a) of the Act reads in pertinent part, as follows:

> "No common law or statutory right to recover damages from the employer *** or the agents or employees of *** [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Ill. Rev. Stat.

---

[2]Count I of plaintiff's original complaint, which sought to enjoin Marshall Field and Marcolini from ejecting plaintiff from Marshall Field's store, was dismissed by the circuit court and later affirmed on appeal by this court in *Meerbrey v. Marshall Field & Co.* (1988), 169 Ill. App. 3d 1014, 524 N.E.2d 228.

1987, ch. 48, par. 138.5(a).)

Through this provision, the Act establishes a system of liability without fault. It abolishes traditional common law defenses available to the employer in exchange for the prohibition against common law suits by employees. (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141; *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 380 N.E.2d 924.) The exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while, the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." 2A A. Larson, The Law of Workmen's Compensation §65.11 (1988).

Plaintiff contends that the above exclusivity provisions do not apply to the case at bar. Specifically, as to Marshall Field, plaintiff argues that he is not barred by the exclusivity provisions contained in the Act because Marcolini's acts were intentional. Plaintiff's contention is without merit.

Courts have held under the Act that to escape the bar of exclusivity provisions and to recover against persons covered under the Act, plaintiff is required "to prove either that the injury (1) was not accidental (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act." (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 237, 408 N.E.2d 198, 202.) In issue here is whether plaintiff's injury was "accidental" within the meaning of the Act to bar the common law action against Marshall Field. *Collier* and *Jablonski* hold that although the injuries inflicted by a fellow employee may be intentional from the wrongdoer's standpoint, they are compensable under the Act because the injury is "accidental" from the employee's/injured party's point of view—that is, despite the obvious fact that the injury was intentionally inflicted, an employee's injuries will not be held to be noncompensable under the Act due to the intentions of the co-employee. (*Collier*, 81 Ill. 2d at 238, 408 N.E.2d at 202; *Jablonski*, 63 Ill. App. 3d at 910-11, 380 N.E.2d at 925-26.) Common law causes of action, however, will be sustained against an employer for the intentional tort of his employee against a fellow employee where the employer has committed, commanded or expressly authorized the intentional act. (*Collier*, 81 Ill. 2d at 238-39, 408 N.E.2d at 202; *Jablonski*, 63 Ill. App. 3d at 912, 380 N.E.2d at 926-27.) A plaintiff under these circumstances apparently is required to allege that the employee was the alter ego of the employer in order to state a common law cause of action. See *Collier*, 81 Ill. 2d at 239, 408 N.E.2d at 202; *Jablonski*, 63

Ill. App. 3d at 912, 380 N.E.2d at 927-28.

Plaintiff's complaint here does not allege that Marcolini was the alter ego of Marshall Field or that Marshall Field committed, commanded or expressly authorized Marcolini's acts, even after plaintiff was afforded the opportunity to amend his complaint to this effect. Plaintiff merely alleged that Marcolini was an agent of Marshall Field. Therefore, since no allegations exist that Marshall Field committed, commanded or expressly authorized the intentional conduct of its employee, the injury here is "accidental" within the meaning of the Act and plaintiff's common law cause of action against Marshall Field is barred.

■ We now shift our focus to whether section 5(a) of the Act also bars plaintiff's action against Marcolini. Although courts have concluded that intentional torts are considered "accidental" in the above context, *Jablonski* has found that the co-employee responsible for the intentional act should not be shielded from liability, and, thus, a common law cause of action may be brought against him. (*Jablonski*, 63 Ill. App. 3d at 914-15, 380 N.E.2d at 928; see also *Collier*, 81 Ill. 2d 229, 408 N.E.2d 198; *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011; *Mier v. Staley* (1975), 28 Ill. App. 3d 373, 329 N.E.2d 1.) The socially beneficial purpose of the Act was not intended to permit a person who commits an intentional tort to use the compensation law as a shield against liability. (*Jablonski*, 63 Ill. App. 3d at 915, 380 N.E.2d at 928.) Here the exclusivity provisions of the Act do not bar plaintiff's action against Marcolini because the complaint alleges intentional torts.

■ We note, however, that Marcolini was dismissed from plaintiff's complaint based upon the insufficiency of factual allegations contained in plaintiff's complaint pursuant to section 2—615(a) of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(a).) On a section 2—615 motion to dismiss, the court must consider all well-pleaded facts as true, and any reasonable inferences drawn from the allegations must necessarily be construed liberally in favor of the complainant, as the motion merely tests the legal sufficiency of the complaint and does not go to the merits of the claim. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(a); see also *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286, 499 N.E.2d 1319, 1322; *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.* (1988), 165 Ill. App. 3d 473, 479, 519 N.E.2d 121, 125.) This motion is inherently different from the section 2—619 motion to dismiss, which is based upon some type of "affirmative matter" that will necessarily bar the action. Ill. Rev. Stat. 1987, ch. 110, par. 2—619.

Plaintiff contends that Marcolini should not have been dismissed from counts III through V of his complaint. We agree with plaintiff except as to count V.

Because a section 2—615 motion is strictly limited to the four corners of the complaint, and the sufficiency of the allegations therein, we analyze plaintiff's complaint to determine if the circuit court was justified in dismissing Marcolini from this litigation.

Count V seeks to state a cause of action for malicious prosecution against Marcolini. In order to prevail on a claim of malicious prosecution, plaintiff must allege and prove five elements: the commencement or continuation of criminal or civil proceedings by the defendant; the termination of the proceedings in favor of plaintiff; the absence of probable cause for such proceedings; the presence of malice; and damages resulting to plaintiff. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) We focus on the element requiring plaintiff to show that defendant initiated the proceedings against plaintiff. That is not the case here. In fact, count V admits that Davis, an agent of Marshall Field not named as a party-defendant in the instant litigation, filed the sworn criminal complaint against plaintiff. Moreover, no allegations exist that Marcolini initiated the criminal proceedings. Consequently, plaintiff has failed to state a malicious prosecution cause of action against Marcolini.

As to counts III and IV, we find that sufficient factual allegations exist to set forth a false imprisonment and false arrest cause of action. False imprisonment is an unreasonable restraint of plaintiff's liberty against his will caused or procured by the defendant (*Hajawii v. Venture Stores, Inc.* (1984), 125 Ill. App. 3d 22, 465 N.E.2d 573; *Marcus v. Liebman* (1978), 59 Ill. App. 3d 337, 375 N.E.2d 486; *Karow v. Student Inns, Inc.* (1976), 43 Ill. App. 3d 878, 357 N.E.2d 682; *Shelton v. Barry* (1946), 328 Ill. App. 497, 66 N.E.2d 697), and false arrest is the unlawful restraint of an individual's personal liberty (*Bentley v. City of Chicago* (1979), 79 Ill. App. 3d 1028, 398 N.E.2d 912; *Johnson v. Jackson* (1963), 43 Ill. App. 2d 251, 193 N.E.2d 485). Plaintiff alleged that "he was falsely and unlawfully arrested and forcibly taken to security offices by defendant Marcolini." He further alleged that his arrest was "wholly without probable cause, and in causing such arrest *** Marcolini[] acted maliciously and with intent to injure plaintiff." At the hearing on the motion to dismiss counts III through V of plaintiff's second-amended complaint, counsel for Marcolini represented to the circuit court that "Mr. Marcolini is in no way implicated in Counts III through V other than the fact that his name is inadvertently in the prayer for relief," which is obviously inaccurate

at best. The court, thus misled, dismissed out Marcolini.

Accordingly, the order of the circuit court of Cook County dismissing Marshall Field from counts II through V and Marcolini from count V of plaintiff's second-amended complaint is affirmed. We reverse and remand as to Marcolini's dismissal from counts III and IV of plaintiff's second-amended complaint.

Affirmed in part; reversed and remanded in part.

CAMPBELL and O'CONNOR, JJ., concur.