(Nos. 42071, 42072 cons.—

JOSEPH DOWNEY, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. I. Case Company, Appellant.)

J. I. CASE COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Joseph Downey, Appellee.)

*Opinion filed November 26, 1969.*

WELSH, WELSH, HOLMSTROM & HYZER, of Rockford, (PETER ALEXANDER, of counsel,) for appellant.

GERALD F. TUITE, of Rockford, (CHARLES WOLFF, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The two appeals consolidated here concern an award under the Workmen's Compensation Act to Joseph Downey for an employment-related injury. The arbitrator originally denied compensation; that decision was affirmed by the Industrial Commision and later reversed by the circuit court of Winnebago County as against the manifest weight of the evidence. Pursuant to a remanding order, the Commission then awarded compensation which was affirmed on appeal to the circuit court. Both actions of the circuit court are challenged here in separate appeals by J. I. Case Company, the employer.

The first appeal, from the circuit court order remanding the case to the Commission to fix an award, is improper and must be dismissed. The remanding order was interlocutory and is not in itself appealable. (*Joyce Bros. Storage and Van Co.* v. *Industrial Com.*, 399 Ill. 456, 458; see *Mayrath Co.* v. *Industrial Com.*, 33 Ill.2d 224, 225; see also *Metropolitan Sanitary District of Greater Chicago* v. *Industrial Com.*, 37 Ill.2d 447, 449-50; *South Chicago Community Hospital* v. *Industrial Com.*, No. 41670.) However, the circuit court's final judgment confirming the Commission's award, made pursuant to the remand, is properly presented for appeal. The entire record is before this court in the present appeal, and the correctness of the circuit court's initial decision to reverse and remand may now be reviewed within the context of the court's final judgment. (*ACF Industries, Inc.* v. *Industrial Com.*, 8 Ill.2d 552, 554; *Northwestern University* v. *Industrial Com.*, 8 Ill.2d 552, 554; *Northwestern University* v. *Industrial Com.*, 409 Ill. 216, 219; *American Manganese Steel Co.* v. *Industrial Com.*, 399 Ill. 272, 274-75.) It is therefore proper for this court to review the evidence upon which the arbitrator and the Commission based the original decision to deny compensation, and we must determine whether the circuit court was correct in finding that de-

cision to be against the manifest weight of the evidence. *Gray Knox Marble Co.* v. *Industrial Com.*, 363 Ill. 210.

No evidence was presented in this case subsequent to the arbitration hearing. A careful examination of that record indicates that the arbitrator's decision, affirmed by the Commission, was clearly not contrary to the manifest weight of the evidence. Claimant testified that he had never had any trouble with his back prior to the accident at work. The testimony of the company nurse, however, supported by the records which she kept in her daily routine, clearly contradicted the claimant on this material fact. She recalled that $2\frac{1}{2}$ months before the accident, claimant came to her with a complaint about his knee, which he had cut in a fall while hunting. When she asked if anything else was hurt, he said his back and hip were hurt in the fall and were painful. In addition to this evidence, from which the arbitrator could reasonably have concluded that claimant's ill-being stemmed from a prior non-work-related accident, there was evidence from which it might have been concluded that the ill-being arose from some later cause. In the year and one-half after the accident at work, claimant made only two visits to a doctor about his back—both times to Dr. Eugene T. Leonard, pursuant to the employer's directives. At the second examination, three months after the first and nearly five months after the accident, Dr. Leonard noted that claimant's subjective complaints had changed, and had become possibly indicative of an early herniated disc syndrome "completely unrelated" to the first examination. There were also conflicts in testimony relating to the circumstances of the accident, as well as a question whether claimant's failure to return to his job on subsequent days was due to a work-related disability or his choice to work elsewhere.

In short, it is clear to us that the original resolution of these disputes by the arbitrator and Commission was not contrary to the manifest weight of the evidence and that the circuit court erred in initially remanding the case. (*Me-*

*chanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.*, 21 Ill.2d 535, 538; *Electro-Motive Div., General Motors Corp.* v. *Industrial Com.*, 411 Ill. 132, 140-41.) Hence, the Commission's subsequent award of compensation, made pursuant to the remanding order, should not have been made. The judgment affirming that award is therefore reversed, and this case is remanded to the circuit court of Winnebago County with directions to enter judgment in accordance with the original decision of the Industrial Commission to deny compensation.

*No. 42071, appeal dismissed;*
*No. 42072, reversed and remanded,*
*with directions.*