EFREN NAGUIT, Plaintiff-Appellee, v. STEPHEN F. SELCKE, Director of the Department of Registration and Education, *et al.*, Defendants-Appellants.

Fifth District   No. 5—88—0239

Opinion filed June 8, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellants.

Robert E. Becker and Kevin T. Hoerner, both of Kassly, Bone, Becker, Dix, Tillery & Reagan, P.C., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendants, the Illinois Department of Registration and Education (now the Department of Professional Regulation) and its director, Stephen F. Selcke, appeal under Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) from an order of the circuit court of St. Clair County which preliminarily enjoined them from using certain medical records in bringing disciplinary action against plaintiff, Efren Naguit, a physician. As grounds for their appeal, defendants argue that issuance of a preliminary injunction was improper because plaintiff failed to establish the elements necessary to warrant such relief. We agree. We therefore reverse.

Based upon prescription records compiled by the Illinois Department of Alcohol and Substance Abuse, defendants initiated an investigation into whether plaintiff was improperly prescribing controlled substances to his patients. There is no dispute that such conduct, if established, would entitle defendants to "revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper" with regard to plaintiff's license to practice medicine under section 22(A) of the Medical Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22(A)). Pursuant to their investigation, defendants issued a subpoena on April 13, 1987, in which they directed plaintiff to produce for inspection and copying all patient records, test results and medication records he had concerning 15 specific individuals. Plaintiff, who had secured counsel, honored this subpoena, and copies of the requested materials were turned over to one of defendants' investigators by plaintiff's office.

The April 13 subpoena indicated that it was being issued pursuant to section 110.140 of title 68 of the Illinois Administrative Code (68 Ill. Adm. Code §110.140 (Supp. 1986)). After plaintiff turned over the materials specified in this subpoena, plaintiff's attorney complained that defendants had no right to those materials and demanded that they be returned immediately. Shortly thereafter, the Medical Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4400—1 *et seq.*) went into effect, and the law governing the licensing and regulation of physicians changed. Defendants then issued a second subpoena to plaintiff. This subpoena, dated November 4, 1987, requested records regarding the same 15 patients specified in the original subpoena. The type of records sought was also the same. The only difference was that the second subpoena contained no references to the Administrative Code, but instead indicated that it was being issued in accordance with section 38 of the new law (Ill. Rev. Stat. 1987, ch. 111, par. 4400—38).

Plaintiff refused to comply with the new subpoena. Instead, he filed an action for declaratory and injunctive relief in the circuit court of St. Clair County to challenge the legality of defendants' actions in obtaining the medical records of his patients under the original subpoena. At the outset of the case plaintiff obtained a temporary restraining order against defendants. That order was soon dissolved, but a hearing was set on a request by plaintiff for preliminary injunctive relief. In the meantime, defendants filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615).

A hearing on the motion to dismiss and the motion for a prelimi-

nary injunction was held on January 28, 1988. On April 8, 1988, the circuit court issued a written order in which it denied defendants' motion to dismiss, but granted plaintiff's request for a preliminary injunction. Specifically, it "ordered that defendants are preliminarily restrained and enjoined from using any of the records here in question,

    (1)    as a basis for the revocation or suspension of plaintiff's license to practice medicine, or

    (2)    to prosecute any alleged violation of the Medical Practice Act by plaintiff and from filing any complaint or obtaining the issuance of any process against plaintiff with the aid of the records in question,

pending disposition of plaintiff's declaratory judgment action on the merits." Defendants now appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) from that portion of the circuit court's order granting preliminary injunctive relief.

■ In order for a preliminary injunction to issue, a plaintiff must plead and prove the following: (1) a clear and ascertainable right in need of protection; (2) an irreparable injury if the injunction is not granted; (3) an inadequate remedy at law; and (4) a likelihood of success on the merits. (*Meerbrey v. Marshall Field & Co.* (1988), 169 Ill. App. 3d 1014, 1016, 524 N.E.2d 228.) Plaintiff here has not established even the first of these elements.

■ The basis for plaintiff's claim is that the original subpoena issued by defendants was not authorized and that defendants obtained the records from him improperly. As we have previously indicated, however, the law subsequently changed and defendants issued a second subpoena in accordance with this new law. Plaintiff concedes that under the new law, defendants are now entitled to the materials they sought under the original subpoena, and there is no dispute that the second subpoena issued by the defendants conformed to the requirements of the new law. Under these circumstances, plaintiff can no longer claim any right not to turn over his records to defendants.

Once the Medical Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4400—1 *et seq.*) authorized defendants to subpoena the records in question here and a proper subpoena was issued pursuant to that statute, the question of whether defendants' original subpoena was authorized became moot. (See *Dobbs v. Chase* (1981), 94 Ill. App. 3d 177, 180, 418 N.E.2d 919, 922.) This is so because even if that original subpoena were found to be improper, defendants could not be prevented from exercising the valid subpoena authority they now possess. The records would still have to be produced.

Plaintiff attempts to resist this conclusion by arguing that the finding of probable cause upon which issuance of the second subpoena was based depended on the contents of the records secured by the original subpoena. Accordingly, he reasons that if the first subpoena were found to be unauthorized, it would "taint" the second subpoena and thereby render improper the use of any records obtained under that subpoena as well. This argument is a variant of the exclusionary rule applied in criminal cases. What plaintiff fails to appreciate is that this is an administrative proceeding, not a criminal prosecution. (See *Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 982, 391 N.E.2d 489, 493.) Plaintiff has not cited, and we have not found, any authority to support extension of the rule to cases such as this.

Even if, *arguendo*, the rule were applicable, it would be of no assistance to plaintiff. Plaintiff's claim that the second subpoena was tainted by the first is purely speculative. Although plaintiff was not required to "carry the same burden of proof that is required to support the ultimate issue" (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 386, 483 N.E.2d 1271, 1277), he was required to establish, as we have previously indicated, that he is likely to be successful on the merits of his action. This he did not do. The evidence submitted to the trial court indicated that defendants relied upon precisely the same information in issuing the second subpoena as they had used in issuing the first. If this is in fact what happened, and there is no reason in the record to believe otherwise, the records obtained as a result of the first subpoena played no role in the procurement of the second subpoena and therefore could not possibly have caused it to be tainted.

For the foregoing reasons, the order of the circuit court of St. Clair County granting preliminary injunctive relief to plaintiff is reversed, and the preliminary injunction is dissolved.

Reversed.

WELCH, P.J., and RARICK, J., concur.