EUGENIA S. GRAMES, Plaintiff-Appellant, v. ILLINOIS STATE POLICE et al., Defendants-Appellees.—EUGENIA S. GRAMES, Plaintiff-Appellee, v. ILLINOIS STATE POLICE et al., Defendants-Appellants.

Fourth District   Nos. 4—92—0455, 4—92—0874 cons.

Argued June 22, 1993.—Opinion filed December 16, 1993.

Nolan Lipsky (argued), of Petersburg, for Eugenia S. Grames.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General (argued), of counsel), for Illinois State Police, Illinois State Police Merit Board, and Terrance Gainer.

JUSTICE COOK delivered the opinion of the court:

The Director of the Illinois State Police (Department) filed charges with the Illinois State Police Merit Board (Board) alleging

plaintiff violated various departmental rules when she attempted suicide. A hearing officer determined the Department proved some, but not all, of the allegations contained in the complaint. The Board adopted the findings and conclusions of the hearing officer and ordered plaintiff discharged from her position at the Department. On administrative review in case No. 90—MR—238, the circuit court reversed the Board's order in part, affirmed in part and remanded the case to the Board. On remand the Board again ordered plaintiff discharged. Plaintiff filed a second complaint for administrative review, case No. 91—MR—295, in which the circuit court affirmed the Board's order.

Plaintiff appeals the final order in case No. 91—MR—295 (our case No. 4—92—0455), arguing her motion to suppress certain evidence should have been granted.

Defendants appeal the final order in case No. 90—MR—238 (our case No. 4—92—0874), arguing (1) the circuit court lacked subject matter-jurisdiction in case No. 91—MR—295, the second administrative review action, because case No. 90—MR—238 (the first administrative review action) was still pending, and (2) certain findings of the Board were against the manifest weight of the evidence. These appeals were consolidated on review. We affirm.

On August 9, 1989, the Director of the Department filed a three-count complaint against plaintiff with the Board seeking plaintiff's discharge for cause for violating various departmental rules of conduct. The Department later filed an amended complaint which alleged that on or about June 4, 1989, the Springfield police department responded to an emergency call that an unresponsive woman (plaintiff) was locked in a bathroom at the home of Robert LaBonte. The bathroom door was forced open, and plaintiff was found alone and unconscious on the floor. Found with her were (1) her service weapon, loaded, cocked and with the safety off; (2) $899; (3) a prescription bottle for Imipramine, containing 58 out of 150 tablets; (4) a partially filled glass of blackberry brandy; (5) an empty beer bottle and another partially empty bottle; (6) a four-page suicide note; (7) insurance policies; (8) a photograph album; (9) two checks payable to a women's shelter; (10) a flashlight capable of shooting mace; and (11) a plastic bag containing three guns, a brass knuckle belt buckle, a cocaine user's kit containing Phencyclidine (PCP) residue, a package of razor blades, two prescription tablets and a folded piece of magazine containing .3 grams of cocaine. Two of the weapons found in the plastic bag had been recovered in connection with previous police cases to which plaintiff had been assigned. Both weapons had been processed

as evidence by the Illinois State Police Maywood laboratory (Maywood laboratory), and one gun had been ordered destroyed by a November 16, 1977, Du Page County circuit court order.

Based on this alleged conduct, the complaint charged plaintiff with violating various sections of the Department's Rules of Conduct (ROC). Count I alleged plaintiff's conduct violated ROC—1, paragraph 1—2(a) (conformance to laws), in that she violated section 402(b) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)) by possessing less than 15 grams of cocaine. Count II alleged plaintiff violated (1) ROC—1, paragraphs 1—32 (use of departmental equipment) and 1—38 (use of weapons), in that the circumstances under which her Department-issued service weapon was found constituted the misuse of departmental equipment; and (2) ROC—1, paragraph 1—30 (processing property and evidence), by failing to properly process the weapons found in connection with other departmental cases, retaining control of the weapons and converting them to her own use. This charge had two aspects: that plaintiff failed to process the weapons when she first received them, and that plaintiff was under a continuing duty to process the weapons even in the days preceding June 4, 1989. Count III alleged she violated (1) ROC—1, paragraph 1—43 (use of alcohol off-duty), in that she discredited herself and the Department and was unfit to report for her next regular tour of duty; (2) ROC—1, paragraph 1—44 (possession and use of drugs), by possessing controlled substances and abusing prescribed medication, which affected her job performance; (3) ROC—1, paragraph 1—6 (unbecoming conduct), in that her conduct reflected unfavorably upon the Department and discredited its integrity; and (4) ROC—1, paragraph 1—11 (unsatisfactory performance), in that her actions demonstrated an inability to properly perform her duties and assume the responsibilities of her position.

Prior to the filing of the amended complaint, plaintiff filed a motion to suppress as evidence the contents of the plastic bag found in the bathroom. She contended the search which uncovered these items was conducted illegally. At the commencement of the hearing, plaintiff made an additional motion to dismiss that part of count II alleging she failed to properly process weapons confiscated in other cases because the charge was made beyond the applicable three-year statute of limitations provided by Merit Board rules, section 150.510. See 80 Ill. Adm. Code §150.510 (1991).

Based on the evidence presented at the hearing, the hearing officer denied plaintiff's motion to suppress, reasoning the exclusionary rule should not be applied in the administrative proceeding, and even

if it were, the motion should be denied because plaintiff lacked standing to raise the issue and the search did not violate due process. She granted plaintiff's motion to dismiss count II insofar as it alleged plaintiff failed to properly process the two weapons found in conjunction with other cases in 1976 and 1977 as outside the applicable three-year statute of limitations. The remaining allegations of count II, including the Department's contention there was a continuing duty to process, were not dismissed.

As to count I, the hearing officer found the Department established by a preponderance of the evidence that plaintiff violated ROC—1, paragraph 1—2(a) (conformance to laws), in that she possessed less than 15 grams of cocaine in violation of section 402(b) of the Act. As to count II, she not only granted the motion to dismiss on the basis of the statute of limitations, she found, in the event the Board disagreed, the Department failed to prove plaintiff violated her duty to process the two weapons. She did, however, conclude the Department proved plaintiff improperly retained control of those weapons and converted them to her own use in violation of ROC—1, paragraph 1—30 (processing property and evidence). Moreover, the hearing officer concluded plaintiff violated ROC—1, paragraphs 1—32 (use of departmental equipment) and 1—38 (use of weapons), in that the position in which plaintiff's gun was found showed it had been handled in a careless, negligent or imprudent manner. Further, the hearing officer determined the allegations of count III—that plaintiff took an overdose of prescribed medication, possessed cocaine, and retained possession of weapons which should have been transferred to the Department—were proved. This conduct was found to be in violation of ROC—1, paragraphs 1—6 (unbecoming conduct) and 1—44 (possession and use of drugs), but did not violate ROC—1, paragraph 1—11 (unsatisfactory performance) or 1—43 (use of alcohol off duty).

The Board adopted the findings and conclusions of the hearing officer and ordered plaintiff removed and discharged from her position with the Department. On administrative review in case No. 90—MR—238 (Judge Myerscough), the circuit court found the Board's decision on count I was against the manifest weight of the evidence. While the court concluded the hearing officer correctly determined the exclusionary rule did not apply, it maintained the hearing officer failed to *find* plaintiff possessed the cocaine knowingly, as required by section 402(b) of the Act, nor could a finding of that mental state be inferred from her findings. It also held that the Board's decision on count II was not against the manifest weight of the evidence. It concluded the Board correctly determined the three-year statute of limitations ap-

plied to the failure to process the weapons as it pertained to the processing in 1976 and 1977, but correctly refused to apply the three-year statute to the additional charges of retaining control of the two weapons and converting them to her own use. Moreover, it was held the hearing officer found a continuing duty to process these two weapons, which plaintiff breached by retaining control of them, which breach occurred within the limitations period. The court also found the decision that plaintiff converted these weapons to her own use was not against the manifest weight of the evidence and the conversion of these two weapons was ongoing. As to count III, the circuit court concluded the finding that plaintiff conducted herself in a manner which reflected unfavorably on the Department and discredited its integrity was not against the manifest weight of the evidence, but the finding that the Department proved the allegations of count I as to her possessing less than 15 grams of cocaine was. The court remanded the case for further findings, evidence, hearings and disciplinary action, specifically a decision as to whether plaintiff should be removed and discharged from her employment.

The Board subsequently entered an order on remand, finding the Department failed to *prove* plaintiff knowingly possessed cocaine (the circuit court had held the Board failed to *find* plaintiff knowingly possessed cocaine). The Board found plaintiff failed to process the two weapons and improperly retained and converted them for her own use. The Board also held the Department proved plaintiff engaged in conduct unbecoming an officer. Having reconsidered the evidence and the disciplinary action previously entered, in light of the severity of the charges proved, the Board again ordered plaintiff discharged. On administrative review, in case No. 91—MR—295 (Judge Cavanagh), the circuit court affirmed this decision.

Plaintiff then filed her notice of appeal in No. 4—92—0455, appealing the circuit court's order entered May 6, 1992, in case No. 91—MR—295. Defendants filed a motion in case No. 90—MR—238 for the entry of a final order affirming the decision of the Board; on October 13, 1992, an order was entered in case No. 90—MR—238 and defendants appeal from this order (No. 4—92—0874).

We first address defendants' contention the circuit court lacked jurisdiction to proceed in case No. 91—MR—295, the second action for administrative review.

The circuit court's remand order in case No. 90—MR—238 directed the Board to consider further findings, evidence, hearings and disciplinary action and specifically review its decision to discharge plaintiff from her employment. Since this order remanded the case to

the Board for further proceedings and findings, it was not a final order, and the circuit court retained jurisdiction of the cause after remand. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249, 449 N.E.2d 843, 844; *Friedland v. Board of Trustees of Moline Police Department Pension Fund* (1990), 202 Ill. App. 3d 767, 770, 559 N.E.2d 795, 797.) While the parties do not dispute the circuit court retained jurisdiction after remand, defendants argue jurisdiction was retained specifically and exclusively in case No. 90—MR—238, thereby precluding plaintiff from seeking administrative review under another case number. They contend plaintiff should have proceeded under the original case number.

■■ There is not much guidance in case law or statute as to the procedure to be utilized when the circuit court examines the results of an administrative agency's order on remand. Courts have held, however, that when a matter is remanded to an agency for further proceedings the circuit court retains jurisdiction and a plaintiff is *not required* to file a new complaint in order to revest the court with jurisdiction. (*Saal v. County of Carroll* (1989), 181 Ill. App. 3d 327, 334-35, 536 N.E.2d 1299, 1304; *Kelly v. Board of Trustees* (1990), 201 Ill. App. 3d 692, 698, 559 N.E.2d 196, 200; *cf. Creamer v. Police Pension Fund Board* (1979), 69 Ill. App. 3d 792, 795, 387 N.E.2d 711, 713.) While plaintiff was not required to file another complaint for administrative review on remand, nothing prohibited her from doing so. The fact that plaintiff took the additional step of filing a second complaint for administrative review did not deprive the circuit court of jurisdiction in the second case. The same tribunal reviewed the case in each instance. To accept defendants' argument would equate the retention of jurisdiction by the circuit court with a specific case number. However, it is the court itself which retains jurisdiction of the case independent of the number assigned to it.

■■ We next address plaintiff's argument that defendants cannot challenge the September 12, 1991, order in case No. 90—MR—238 because it was a nonfinal order. While plaintiff is correct the September 12, 1991, order was interlocutory and not then appealable, such a remand order may eventually be reviewed on appeal.

In *Downey v. Industrial Comm'n* (1969), 44 Ill. 2d 28, 253 N.E.2d 371, an arbitrator denied compensation, which order was affirmed by the Commission, but reversed by the circuit court. Pursuant to a remand order, the Commission awarded compensation, which was affirmed on appeal by the circuit court. Both actions of the circuit court were challenged. (*Downey*, 44 Ill. 2d at 29, 253 N.E.2d at 371.) The supreme court first noted the remand order itself was not appealable,

but the circuit court's final judgment was properly presented for appeal. It then concluded the entire record was before the court, and the propriety of the circuit court's initial decision to reverse and remand could be reviewed "within the context of the court's final judgment." (*Downey*, 44 Ill. 2d at 29, 253 N.E.2d at 372.) It was, therefore, proper for the court to review the evidence upon which the arbitrator and the Commission based the original decision to deny compensation. (*Downey*, 44 Ill. 2d at 29, 253 N.E.2d at 372; see also *Stockton v. Industrial Comm'n* (1977), 69 Ill. 2d 120, 125-26, 370 N.E.2d 548, 550-51; *Robinson v. Cook County Police & Corrections Merit Board* (1981), 93 Ill. App. 3d 1051, 1052, 418 N.E.2d 170, 171.) A final order was entered in case No. 90—MR—238 on October 13, 1992, and defendants filed a timely notice of appeal from this order. The entire record of this case is, therefore, before the court and the remand order may be reviewed "within the context of the court's final judgment." *Downey*, 44 Ill. 2d at 29, 253 N.E.2d at 372.

■ Plaintiff also argues defendants waived any right to appeal this order because the Board went beyond the court's order on remand. Rather than finding the hearing officer merely failed to *find* plaintiff possessed cocaine knowingly, as the circuit court stated, the Board entered an order that the Department failed to *prove* plaintiff knowingly possessed cocaine. By this affirmative act, plaintiff contends defendants have waived appeal from the remand. When a judgment is reversed by a court of review, the judgment of that court is final upon all questions decided, and if the cause is remanded, only such action which conforms to the judgment of the court of review may be taken. (*P S L Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 305, 427 N.E.2d 563, 570.) In the present case, the Board appears to have simply entered an order in conformance with the circuit court's directive. A logical inference from the circuit court's order is that the Department failed to prove plaintiff possessed cocaine knowingly. In that regard the circuit court noted that plaintiff had been found not guilty of possessing cocaine in the related criminal case. We see no indication in the Board's order that it voluntarily intended to modify any finding it had previously made.

We next consider plaintiff's argument the motion to suppress should have been granted. The general rule in a criminal proceeding is that statements and other evidence obtained as a result of an unlawful, warrantless search are subject to suppression if the link between the evidence and the unlawful conduct is not too attenuated. (*Immigration & Naturalization Service v. Lopez-Mendoza* (1984), 468 U.S. 1032, 1040-41, 82 L. Ed. 2d 778, 787, 104 S. Ct. 3479, 3484.)

The exclusionary rule was adopted "to effectuate the Fourth Amendment right of all citizens 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ....' Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure." (*United States v. Calandra* (1974), 414 U.S. 338, 347, 38 L. Ed. 2d 561, 571, 94 S. Ct. 613, 619.) The purpose of the rule is to deter future unlawful conduct and preserve judicial integrity. (*Calandra*, 414 U.S. at 347, 38 L. Ed. 2d at 571, 94 S. Ct. at 619; *Elkins v. United States* (1960), 364 U.S. 206, 217, 4 L. Ed. 2d 1669, 1677, 80 S. Ct. 1437, 1444; *People v. Dowery* (1975), 62 Ill. 2d 200, 203, 340 N.E.2d 529, 531.) Despite the rule's broad deterrent purpose, it has never been interpreted to "proscribe the use of illegally seized evidence in all proceedings or against all persons." (*Brown v. Illinois* (1975), 422 U.S. 590, 600, 45 L. Ed. 2d 416, 425, 95 S. Ct. 2254, 2260.) "As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Calandra*, 414 U.S. at 348, 38 L. Ed. 2d at 571, 94 S. Ct. at 620.

The application of the exclusionary rule beyond the context of criminal proceedings is not clear. Supreme Court decisions do not foreclose such an extension. Instead, they advocate that a balancing test be employed to determine whether the extension is warranted. (*United States v. Janis* (1976), 428 U.S. 433, 49 L. Ed. 2d 1046, 96 S. Ct. 3021.) The likely social benefits of excluding unlawfully seized evidence are weighed against the likely costs; where the costs exceed the benefits, the exclusionary rule may not be applied. *Lopez-Mendoza*, 468 U.S. at 1041, 82 L. Ed. 2d at 787, 104 S. Ct. at 3484-85 (declined to apply the rule to Federal tax proceedings where criminal evidence had been obtained by State Police); *Janis*, 428 U.S. at 446, 49 L. Ed. 2d at 1056, 96 S. Ct. at 3028 (refused to apply the rule in the context of civil deportation proceedings).

Our research has not disclosed any Illinois court which has addressed the application of the rule in administrative hearings involving discharge from employment. The only Illinois cases which address this issue are in the context of probation revocation and supervision revocation proceedings. In these cases, courts have concluded the exclusionary rule does not apply, and in doing so, recognized the "significant dissimilarities" between these proceedings and a criminal trial, *i.e.*, a probation revocation hearing was not a criminal adjudication and did not determine the guilt or innocence of the accused. See *Dowery*, 62 Ill. 2d at 206, 340 N.E.2d at 532; *People v. Grubb* (1986),

143 Ill. App. 3d 822, 824-26, 493 N.E.2d 699, 701-02; see also *Naguit v. Selcke* (1989), 184 Ill. App. 3d 80, 83, 539 N.E.2d 1353, 1355 (reversing the granting of a preliminary injunction prohibiting the use of medical records in a disciplinary action by analogizing to the exclusionary rule and finding no support for the extension of the rule to an administrative proceeding).

Courts in other jurisdictions have grappled with this subject and reached varying conclusions. In *Garrett v. Lehman* (9th Cir. 1985), 751 F.2d 997, the court held the exclusionary rule would not be extended to military administrative discharge proceedings. It found the damage to military discipline far outweighed the benefit which would result from application of the exclusionary rule. (*Garrett*, 751 F.2d at 1005.) Similarly, in *Sheetz v. Mayor & City Council of Baltimore* (1989), 315 Md. 208, 553 A.2d 1281, the court held narcotics and related paraphernalia seized in violation of the fourth amendment were admissible in discharge proceedings involving a correctional officer. The court declined to apply the exclusionary rule to the case, finding the deterrent effect of the rule was minimal in the context of a discharge proceeding. It noted, however, evidence would be inadmissible in civil discharge proceedings if defendant established the police were improperly motivated to illegally seize evidence to benefit the civil proceedings. (*Sheetz*, 315 Md. at 211-12, 553 A.2d at 1284-85.) Conversely, in *Minnesota State Patrol Troopers Association v. State of Minnesota–Department of Public Safety* (Minn. App. 1989), 437 N.W.2d 670, the court applied the exclusionary rule to exclude evidence in a hearing on the discharge of a State trooper. "To give effect to this deterrence function [of the exclusionary rule], we cannot allow one government agency to use the fruits of unlawful conduct by another branch of the same agency to obtain an employee's dismissal. Furthermore, the loss of a job is a very severe sanction which warrants special consideration." *Minnesota State Patrol*, 437 N.W.2d at 676.

Balancing the factors in the present case, we agree with the hearing officer's conclusion the exclusionary rule should not be extended to encompass the present situation. The damage to the operation of an effective State Police force would far outweigh any benefit which would result from application of the exclusionary rule. To extend the rule would effectively prohibit the introduction and consideration of relevant and probative evidence and hamper the Board's ability to enforce departmental rules and deter and punish inappropriate conduct. The instant hearing did not determine the guilt or innocence of plaintiff as in a criminal proceeding; it was an administrative pro-

ceeding evaluating whether her conduct amounted to a violation of departmental rules. Because we determine the exclusionary rule does not apply, we need not address the other arguments relating to whether plaintiff lacked standing to object to the search and whether the search was reasonable.

We next discuss the propriety of the Board's decision. In doing so, we address only those parts of the Board's ruling which are the subject of dispute. The parties do not challenge many aspects of the Board's decision, and they remain undisturbed by this opinion.

Upon administrative review, the findings and conclusions of an administrative agency on questions of fact are considered *prima facie* true and correct. (Ill. Rev. Stat. 1991, ch. 110, par. 3—110; see also *Carver v. Bond/Fayette/ Effingham Regional Board of School Trustees* (1992), 146 Ill. 2d 347, 355, 586 N.E.2d 1273, 1276-77.) This has been construed to mean reviewing courts may not interfere with the discretionary authority vested in the administrative body unless that authority is exercised in an arbitrary or capricious manner or where the administrative decision is against the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088.) A reviewing court is not to reweigh evidence or to make an independent determination of the facts. (*Murdy*, 103 Ill. 2d at 391, 469 N.E.2d at 1088.) Rather, its sole function is limited to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. *Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 392, 472 N.E.2d 434, 437.

We first address whether the Board's ruling plaintiff violated count I, ROC—1, paragraph 1—2(a) (conformance to laws), in that she violated section 402(b) of the Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)) by possessing less than 15 grams of cocaine, and count III, ROC—1, paragraph 1—44 (possession and use of drugs), in that she possessed controlled substances and abused prescribed medication, was against the manifest weight of the evidence. As previously stated, the circuit court found the decision on these two counts to be against the manifest weight of the evidence.

ROC—1, paragraph 1—2(a), provides:

> "CONFORMANCE TO LAWS
> (a) Officers will uphold the Constitutions of the United States and the State of Illinois, and obey all federal, State and local laws in which jurisdiction the officer is present and comply with court decisions and orders of courts having jurisdiction."

Section 402 of the Act states "it is unlawful for any person knowingly to possess a controlled or counterfeit substance." (Ill. Rev. Stat. 1991, ch. 56½, par. 1402.) ROC—1, paragraph 1—44, also provides:

"POSSESSION AND USE OF DRUGS

Officers shall not possess or use cannabis or any controlled substances except when prescribed by a physician or dentist. When controlled substances are prescribed or other medication is being used, officers shall notify their superior officer if the use will affect their job performance."

On appeal, defendants contend the evidence supported the finding plaintiff knowingly possessed a controlled substance in violation of section 402 of the Act and thereby ROC—1, paragraph 1—2(a). Alternatively they maintain ROC—1, paragraph 1—44, does not require plaintiff to knowingly possess cocaine. Since we agree the evidence supported the finding that plaintiff knowingly possessed a controlled substance, we need not address this alternative argument. Since there was sufficient evidence plaintiff possessed cocaine and did so knowingly, defendants argue the hearing officer's finding plaintiff violated these sections was not against the manifest weight of the evidence.

To sustain a criminal conviction for the unlawful possession of a controlled substance, the State must prove the identity of the substance in question, the accused had knowledge the substance was present, and he or she had actual or constructive possession of the substance. (*People v. Pittman* (1991), 216 Ill. App. 3d 598, 602, 575 N.E.2d 967, 970; *People v. Crisantos* (1991), 211 Ill. App. 3d 870, 874, 570 N.E.2d 843, 846.) These elements may be established by evidence of actual physical possession. Actual possession is proved by testimony showing the accused exercised some form of dominion over the unlawful substance, such as trying to conceal it or throw it away. (*People v. Scott* (1987), 152 Ill. App. 3d 868, 871, 505 N.E.2d 42, 44; *People v. Ray* (1992), 232 Ill. App. 3d 459, 461, 597 N.E.2d 756, 758.) Courts, however, have recognized knowledge is seldom susceptible to direct proof, and actual possession need not be demonstrated in order to uphold a conviction if constructive possession can be inferred. (*Ray*, 232 Ill. App. 3d at 462, 597 N.E.2d at 758.) Constructive possession exists without actual physical dominion over the controlled substance, but with an intent and capability to maintain control and dominion over it. (*People v. Valentin* (1985), 135 Ill. App. 3d 22, 31, 480 N.E.2d 1351, 1358.) As a result, controlled substances found in premises under the control of the accused give rise to an inference of knowledge and possession by him, which alone may suffice to sustain

a conviction for unlawful possession of controlled substances. *Scott*, 152 Ill. App. 3d at 871, 505 N.E.2d at 44; *People v. Lesure* (1990), 195 Ill. App. 3d 437, 441-42, 552 N.E.2d 363, 366.

■ In the present case, the evidence showed plaintiff was found alone and unconscious in a locked bathroom. The drugs were found in the bathroom on the vanity table not far from where plaintiff was found. Moreover, the cocaine was found in a bag which contained a speed loader admittedly belonging to plaintiff, two guns which matched the guns plaintiff had confiscated in two previous and unrelated criminal cases, and two tablets of the antidepressant drug plaintiff was taking and had ingested in large quantities before being found. Although plaintiff denied knowing the drugs were present and ownership of them, sufficient evidence was presented to permit the hearing officer to infer plaintiff constructively possessed and had knowledge of the cocaine's presence, in violation of section 402(b) of the Act. By violating this section, plaintiff would, then, violate a law, which was expressly prohibited under ROC—1, paragraph 1—2(a). The Board's finding that plaintiff violated ROC—1, paragraph 1—2(a), was not against the manifest weight of the evidence. We similarly find the Board's original finding plaintiff violated ROC—1, paragraph 1—44, by possessing controlled substances and abusing prescribed medication, was not against the manifest weight of the evidence.

In ruling on the hearing officer's findings, the circuit court observed that in a criminal prosecution against plaintiff a jury had found her not guilty of violating section 402(b) of the Act. (See People v. Grames, Cir. Ct. Sangamon County case No. 89—CF—300.) The record in that cause is not part of the record on appeal. In an administrative hearing, however, the burden of proof is the lesser civil burden of a preponderance of the evidence; in a criminal proceeding the burden of proof is beyond a reasonable doubt. While the evidence may not have been sufficient to meet the burden of proof in a criminal proceeding, it meets the standard in an administrative proceeding. The judgment in the criminal case is not *res judicata* in this case. See *In re T.D.* (1989), 180 Ill. App. 3d 608, 612, 536 N.E.2d 211, 214.

We next consider whether cause existed to discharge plaintiff. Review of an administrative agency's decision regarding discharge involves a two-step process. (*Kloss v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 252, 257, 449 N.E.2d 845, 848.) First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence. (*Kloss*, 96 Ill. 2d at 257, 449 N.E.2d at 848.) Second, it must determine whether the findings of fact provide a sufficient basis for the conclusion "cause" for discharge

exists. *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 551, 426 N.E.2d 885, 887; *Kappel v. Police Board* (1991), 220 Ill. App. 3d 580, 588, 580 N.E.2d 1314, 1320.

While there is no statutory definition of "cause," cause has been judicially defined as "some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position." (*Mental Health*, 85 Ill. 2d at 551, 426 N.E.2d at 887; *Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 410, 438 N.E.2d 147, 150.) Unlike the first step, a decision imposing discharge as a sanction will only be overturned if it is arbitrary, unreasonable, or unrelated to the requirements of service. (*Sutton*, 91 Ill. 2d at 407, 438 N.E.2d at 150.) An administrative tribunal's finding of cause should be given deference; it is the Board, rather than the court, which is best able to determine the effect of the officer's conduct on the proper operation of the Department. *Kappel*, 220 Ill. App. 3d at 589-90, 580 N.E.2d at 1321.

█ We find the Board properly determined cause existed to discharge plaintiff from her employment with the Department. The evidence presented at the hearing supports numerous violations of departmental rules, including possession of controlled substances. The Department must maintain police officers who uphold the law and departmental rules and provide for the safety and well-being of the community. These interests could reasonably have been seen undermined if an officer violates several departmental rules, possesses controlled substances and attempts suicide. Sufficient cause for plaintiff's discharge therefore exists.

The decision of the circuit court, affirming the Board's order that plaintiff be discharged, is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.