2021 IL App (2d) 180803-U
No. 2-18-0803
Order filed January 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-1930 |
| DESHAWN JOHNSON, | ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    There was sufficient proof of armed violence predicated on felony possession of drugs; defendant, upon being ordered to the ground after fleeing from the police during a traffic stop, was seen reaching for his waistband and his right ankle, and afterward, a switchblade was found on his belt and a baggie of cocaine was found on the ground near his right ankle.

¶ 2    Defendant, Deshawn Johnson, appeals his conviction of armed violence (720 ILCS 5/33A-2(a) (West 2016)) predicated on possession of a controlled substance (*id.* § 570/402(c)).  He contends that the State failed to prove him guilty beyond a reasonable doubt because there was insufficient evidence to prove possession of a controlled substance.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was charged with multiple offenses, including armed violence, in connection with his flight from police after a traffic stop which subsequently led to the discovery that he was carrying a switchblade knife.  The armed violence charge alleged that he was armed with a dangerous weapon while he knowingly and unlawfully possessed less than 15 grams of a controlled substance.  On June 4, 2018, a bench trial was held.

¶ 5     Officer Sean Callahan of the Elgin police department testified that, on November 6, 2016, at approximately 1:20 a.m., he observed a vehicle driving with its high beams activated.  The weather conditions were clear with no fog or rain.  Because it was a traffic offense to display the high beams when the weather conditions did not justify it, Callahan decided to turn around and pull behind the vehicle.

¶ 6     When Callahan initiated a traffic stop, the vehicle initially did not come to a complete stop.  While it was still in motion, a person fled from its front passenger side.  The driver, who was later identified as defendant, also attempted to flee, dropping a hat and jacket in the process.  Defendant picked the items up, reentered the vehicle, placed it in "Park," and then fled on foot.

¶ 7     Callahan yelled at defendant to stop, and defendant did not comply.  Callahan chased defendant on foot and never lost sight of him.  Defendant lost a shoe while he was running, but Callahan did not see him discard anything while he was running.

¶ 8     Defendant stopped running near a middle school.  Callahan ordered him to go to the ground, and defendant went to a huddled-up position on the ground bent at the waist.  When defendant first went to the ground, Callahan could not see his hands.  Callahan then, from about three feet away, saw defendant's left hand reaching for his waistband and his right hand reaching for his right ankle.  Defendant did not comply with multiple commands from Callahan to put his

hands to the side so that Callahan could see them. Defendant also did not comply with commands to quit reaching for his waistband.

¶ 9     Callahan was concerned for his safety because weapons are often stored in waistbands. His primary focus was on defendant's waistband because he felt that weapons were likely to be kept there. Because defendant was not complying with the commands to put his hands to the side, Callahan used his Taser on defendant's back. Defendant then complied, and Callahan was able to handcuff him. No one else was present at that time, and Callahan was not aware of any other people in the area.

¶ 10    Callahan searched defendant and found a switchblade knife clipped to the front part of defendant's waistband. It was in the area that defendant had been reaching for with his left hand. Another officer arrived at the scene while Callahan was recovering the knife.

¶ 11    Callahan also found a clear plastic baggie containing what was later identified as cocaine on the sidewalk. The baggie was "right next" to—about 6 to 12 inches away from—defendant's right foot, which was the area on his body that defendant had been reaching for with his right hand. The officer who retrieved the baggie also testified that it was "[r]ight next" to defendant on the ground. Callahan did not observe any other items in the area. Defendant later told Callahan that he did not know that it was illegal for him to have a switchblade knife.

¶ 12    Defendant's motion for a directed finding was denied, and he was convicted on all charges. The trial court specifically found that there was sufficient circumstantial evidence that defendant possessed the cocaine. Defendant's motion for judgment notwithstanding the verdict was denied and he was sentenced to 12 years' incarceration on the armed violence count. He appeals that conviction.

¶ 13                                    II. ANALYSIS

¶ 14    Defendant contends that the State failed to prove him guilty beyond a reasonable doubt of armed violence because it failed to sufficiently prove the predicate offense of possession of a controlled substance.  Specifically, he argues that there was insufficient evidence of either actual or constructive possession of the cocaine.

¶ 15    When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *People v. Amigon*, 239 Ill. 2d 71, 77 (2010).  The critical inquiry is whether the evidence could reasonably support a guilty finding, regardless of whether the evidence is direct or circumstantial.  *People v. Lissade*, 403 Ill. App. 3d 609, 612 (2010).  The fact finder is responsible for determining the witnesses' credibility, weighing their testimony, and deciding on the reasonable inferences to be drawn from the evidence.  *People v. Hill*, 272 Ill. App. 3d 597, 603-04 (1995).  "Because the trier of fact is best positioned to judge the credibility of the witnesses and resolve disputes in the evidence, its decision is entitled to great deference."  *Lissade*, 403 Ill. App. 3d at 612.  We will reverse the defendant's conviction only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt.  *Id.*

¶ 16    Defendant was charged with armed violence, requiring proof that, while armed with a dangerous weapon, he committed any felony defined by Illinois law.  720 ILCS 5/33A-2(a) (West 2016).  The predicate felony for the charge was unlawful possession of a controlled substance, requiring proof that defendant, while armed with a dangerous weapon, knowingly and unlawfully possessed cocaine.  720 ILCS 570/402(a),(c) (West 2016).  The predicate felony must be proved beyond a reasonable doubt as it is an essential element of the armed violence offense.  See *People v. Frias*, 99 Ill. 2d 193, 195-96 (1983).

¶ 17    " 'To sustain a criminal conviction for the unlawful possession of a controlled substance, the State must prove the identity of the substance in question, the accused had knowledge the substance was present, and he or she had actual or constructive possession of the substance.' " *People v. Dismuke*, 2013 IL App (2d) 120925, ¶ 16 (quoting *Grames v. Illinois State Police*, 254 Ill. App. 3d 191, 203 (1993)).  "Thus, actual possession and constructive possession are not two distinct offenses; rather, they are two theories under which a defendant may be proved guilty of the offense of possession." *Id.*  "A defendant is said to have had actual possession when he or she 'exercise[d] immediate and exclusive dominion or control over the illicit material'; however, the defendant need not have been actually touching the material." *Id.* (quoting *People v. Givens*, 237 Ill. 2d 311, 335 (2010)).  "The State may prove actual possession with testimony showing 'some form of dominion over the unlawful substance, such as trying to conceal it or throwing it away.' " *Id.* (quoting *People v. Love*, 404 Ill. App. 3d 784, 788 (2010)).  "Absent actual possession a 'defendant has constructive possession over a controlled substance when he or she has the intent and capability to maintain control and dominion over the controlled substance.' " *Id.* (quoting *People v. Eghan*, 344 Ill. App. 3d 301, 307 (2003)).  "Constructive possession may be proved by showing that the defendant had knowledge of the presence of the contraband and had immediate and exclusive control over the area where the contraband was found." *Love*, 404 Ill. App. 3d at 788.

¶ 18    "Because possession is often difficult to prove directly, proving possession frequently rests upon circumstantial evidence." *Id.*  A defendant's mere presence where contraband is found is not enough to establish the defendant's knowledge of the contraband. *Id.*  However, knowledge may be inferred from several factors, including any gestures or movements made by the defendant that would suggest that the defendant was attempting to retrieve or conceal the contraband. *Id.*

"[W]here possession has been shown, an inference of culpable knowledge can be drawn from the surrounding facts and circumstances." *People v. Givens*, 237 Ill. 2d 311, 335 (2010). "The elements of knowledge and possession are questions of fact to be determined by the trier of fact." *Eghan*, 244 Ill. App. 3d at 306.

¶ 19    Here, defendant argues that the State failed to show more than defendant's mere presence near the cocaine, which would be insufficient to prove possession. But the State presented circumstantial evidence to establish more than mere presence near the contraband. Callahan testified that he saw defendant reaching with his right hand toward his right ankle, and defendant repeatedly refused commands to stop and place his hands at his sides. The cocaine was then found only 6 to 12 inches from defendant's right ankle. The knife was found in defendant's waistband where he had been reaching. Defendant had also fled from Callahan and resisted arrest, showing consciousness of guilt and, since he told Callahan that he did not know that it was illegal for him to have a switchblade knife, the reasonable inference is that he fled and resisted because he was possessing cocaine. See *People v. Hart*, 214 Ill. 2d 490, 519 (2005) (flight and resistance upon apprehension constitute circumstances from which the trier of fact could infer consciousness of guilt).

¶ 20    Although Callahan did not see defendant holding the baggie of cocaine, the circumstantial evidence supported a reasonable inference that defendant possessed it on his person at the time of his initial contact with Callahan and then discarded it when he was lying on the ground and reaching for his ankle. There were no other people or items in the area and thus no reasonable explanation for how a baggie of cocaine would happen to be on the sidewalk right by defendant's right ankle immediately after he was seen reaching for that area, other than that defendant discarded it there. Therefore, the circumstantial evidence was sufficient to support the conclusion

the defendant knew of the presence of the cocaine and that he had exercised dominion and control over it. See *Eghan*, 344 Ill. App. 3d at 307 (evidence that defendant did not respond to police inquiries and instead walked behind a truck where contraband was then found was sufficient to support an inference that defendant possessed the contraband); *People v. Adams*, 161 Ill. 2d 333, 344-45 (1994) (evidence of individuals exiting a bathroom where contraband was found was sufficient circumstantial evidence of possession). Accordingly, the predicate felony was proved beyond a reasonable doubt.

¶ 21                          III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 23    Affirmed.