AGNES S. KELLY, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant-Appellant (The State Universities Civil Service Merit Board, Defendant).

First District (4th Division)   No. 1—88—2628

Opinion filed July 26, 1990.—Rehearing denied August 30, 1990.

Robert A. Wolf, of Office of University Counsel, of Chicago, for appellant.

Leonard Karlin, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, the Board of Trustees of the University of Illinois (hereinafter the University), appeals the decision of the trial court, sitting in administrative review (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), that set aside the decision of the State Universities Civil Service Merit Board (hereinafter the Board) to discharge plaintiff, Agnes Kelly, from her employment with the University. On appeal, defendant University questions jurisdiction, evidentiary standards, and findings of the trial court. For the reasons that follow, we reverse the judgment of the circuit court.

In 1974, plaintiff became employed with the University of Illinois as a data processing analyst I in the department of information systems. By 1977, plaintiff had advanced to the position of data processing analyst III. In January 1983, plaintiff was placed under the supervision of Marlene Wojcik. On November 12, 1984, plaintiff received a notice of discharge which alleged that her work performance was poor, she was reluctant and unwilling to obey her supervisor's orders and resisted supervisory direction, and that she conducted herself in a manner unbecoming to a University employee.

The record indicates that the University charged plaintiff with

poor work performance; reluctance and unwillingness to obey the rightful order of her supervisor; resistance to supervisory direction; conduct unbecoming a University employee; inability to work without frequent detailed instructions from superior; and inability to determine and adhere to priorities. Specifically, the University alleged that plaintiff disrupted the efficient operation of the workplace; failed to meet deadlines; refused to report to her superior concerning the status of her work; was argumentative with her supervisor; and consistently performed below the expectation level required of a data processing analyst III.

The University alleges that on June 12, 1984, plaintiff incorrectly instructed employees in another department to produce an erroneous report which contained inaccurate information. The University further alleged that plaintiff required special supervision and intervention to insure that routine assignments were properly completed. During August 1984, plaintiff's supervisor requested that plaintiff correct a report which was needed the following week. Plaintiff was unable to meet the deadline and informed her supervisor that an additional 22 days of "uninterrupted time" were necessary to complete the project. After the supervisor intervened and assigned another employee to the project, it was completed in 11 hours.

The University further alleges that on July 16, 1984, plaintiff was asked to develop a mailing label system. Plaintiff was given until August 2, 1984, to complete this task. Plaintiff was unable to complete the project in a timely fashion and failed to follow her supervisor's direction for corrections to the system. On April 9, 1984, plaintiff was assigned a project which was to be completed by April 23, 1984. On June 8, 1984, plaintiff submitted a draft of the project to her supervisor, who determined that the draft was unsatisfactory. Plaintiff's supervisor extended the deadline to August 6, 1984. Plaintiff did not meet the extended deadline. Plaintiff did not advise her supervisor that the project would be delayed further, nor did she provide her supervisor with an estimated completion date. The record indicates several instances of plaintiff's inability to complete projects in a timely fashion and failure by plaintiff to inform her supervisor that the assigned project would be late. Plaintiff's time logs indicate that plaintiff read trade journals, cleaned her desk, and organized files rather than working on priority assignments.

Additionally, plaintiff received three letters of warning which cited various inadequacies, including plaintiff's failure to complete assignments and taking unauthorized breaks and unauthorized departures from the work area. Plaintiff has also been suspended on three occa-

sions for a total of 36 business days for conduct similar to that which was reported above.

After receiving the notice of discharge, plaintiff requested a hearing by the Board concerning the allegations and the notice. After a hearing, a trier of fact recommended plaintiff's discharge from her employment with the University. The Board accepted the recommendation and plaintiff was discharged. The Board's decision and order were issued on April 23, 1985.

On May 7, 1985, plaintiff filed a petition for administrative review, pursuant to statute (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), in the circuit court of Cook County and No. 85—CH—4559 was assigned to the cause. Summonses were issued and served on defendants. The trial court determined that the Board's decision was against the manifest weight of the evidence and ordered the case returned to the Board for a rehearing. Defendant appealed to the appellate court, and plaintiff filed a cross-appeal, which defendant moved to dismiss. The appellate court dismissed both appeals, finding that the order of the circuit court was not a final appealable order. The case was returned to the circuit court, where defendant moved to dismiss the action. Its motion was granted, and the case was returned to the Board for a rehearing pursuant to the October 15, 1985, and January 20, 1987, orders of the circuit court.

On April 2, 1987, the Board heard the case. Before it could issue a decision, plaintiff appealed the circuit court's order of January 20. The appeal was dismissed because no final order had been issued. Thereafter, on September 23, 1987, the Board issued a "Rehearing Decision and Order" which again discharged plaintiff. On November 6, 1987, the appellate court issued an order which instructed plaintiff that she had "until November 30, 1987, to file for Administrative Review of the Merit Board's September 23, 1987, Decision and Order." On November 23, 1987, plaintiff filed a second complaint for administrative review with the clerk of the circuit court; No. 86—CH—5658 was assigned to this cause.

Thereafter, the case came before the circuit court on cross-motions for summary judgment and that court found in favor of the plaintiff and against the defendant and ordered that plaintiff be reinstated to a position of employment with the University. Defendant now appeals from this final order of the circuit court and raises the following issues: (1) whether the trial court lacked subject matter jurisdiction over the administrative review actions; (2) whether the trial court held that the Board's findings were against the manifest weight of evidence; (3) whether the Board's findings were against the

manifest weight of the evidence; and (4) whether the record supports a finding of cause for plaintiff's discharge.

Initially defendant argues that plaintiff failed to file a timely complaint in the circuit court for review of the Board's decision; therefore, the circuit court lacked subject matter jurisdiction over the claim. Plaintiff contends that her complaint for administrative review was originally filed on May 7, 1985, after the Board's April 23, 1985, decision and order, in accordance with Illinois statutory law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*), and that her second complaint for administrative review was filed in response to the November 6, 1987, order of the appellate court which gave her until November 30, 1987, "to file for Administrative Review of the Merit Board's September 23, 1987 decision and order." Plaintiff argues that pursuant to that order, she filed the second complaint for administrative review with the clerk of the circuit court, who accepted it and filed it under No. 86—CH—5658.

■■ The Code of Civil Procedure provides, in pertinent part, as follows:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.)

This is the statutory procedure required to initiate cases seeking review of the Board's decision. Once a court acquires jurisdiction to review an administrative agency's decision, that court shall retain jurisdiction of the action until final disposition. (Ill. Rev. Stat. 1983, ch. 110, par. 3—104.) A careful review of the record indicates that plaintiff complied with the statutory requirements when filing the initial complaint for administrative review on May 7, 1985. The complaint was filed with the circuit court, assigned No. 85—CH—4559, and summons was issued within the time period prescribed by statute. We agree with plaintiff that the power to review the Board's decision vested with the circuit court pursuant to statute. (Ill. Rev. Stat. 1983, ch. 110, par. 3—104.) Defendant has not questioned the circuit court's jurisdiction to review cause No. 85—CH—4559 or the procedure followed to commence the administrative review. Rather, defendant questions the circuit court's jurisdiction based upon defendant's second complaint for administrative review, which was filed as a response to the November 6, 1987, order of the appellate court. Our order to file for administrative review was a common law order setting time limits for plaintiff if she elected to pursue an administrative re-

view of the Board's September 23, 1987, order. The jurisdiction of the circuit court had been established pursuant to statute (Ill. Rev. Stat. 1983, ch. 110, par. 3—103), when plaintiff filed her initial complaint for administrative review in this action. Therefore, plaintiff was not required to follow the statutory procedure required when initiating an administrative review when she elected to seek review of the Board's September 23, 1987, decision pursuant to the November 6, 1987, order of the appellate court. Since there had been no final disposition of the cause, the circuit court retained its jurisdiction over the matter. Furthermore, the record indicates that plaintiff acted timely and properly in following the November 6, 1987, order of the appellate court. Accordingly, this appeal is properly before us and we will consider its merits.

■ Next, defendant questions whether the circuit court determined whether the Board's findings of fact were against the manifest weight of the evidence. Our careful examination of the record reveals that on October 15, 1985, the circuit court expressly found that "the decision of the Merit Board is against the manifest weight of the evidence." Therefore, we find that defendant's argument as to this issue is without merit.

■ Finally, defendant argues that the record sustains the Board's findings of cause for discharge and are not against the manifest weight of the evidence. A trial court's scope of review of an administrative agency's decision to discharge an employee involves a two-step test. (*Williams v. Secretary of State Merit Comm'n* (1986), 151 Ill. App. 3d 1014, 1019.) The first step requires the reviewing court to determine whether the administrative agency's findings of fact are contrary to the manifest weight of the evidence. (*Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 550.) "An agency's findings of fact are contrary to the manifest weight of the evidence only when the opposite conclusion is clearly apparent from the record. [Citation.]" (*Williams*, 151 Ill. App. 3d at 1019.) The second step requires a trial court which is reviewing an agency's decision to determine whether the agency's findings of fact provide sufficient support for the decision that cause for discharge does or does not exist. (*Department of Mental Health & Developmental Disabilities*, 85 Ill. 2d at 551.) Generally, "cause" is defined as " 'some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position.' " (*Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 30, quoting

*Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441.) A reviewing court will test the cause element by determining whether the agency's decision is arbitrary, unreasonable, or unrelated to the requirement of the service. (See *Department of Driver Services v. Secretary of State Merit Comm'n* (1985), 132 Ill. App. 3d 753.) However, we must note that generally the issue of whether there is sufficient cause for discharge is for the agency to determine and the reviewing court must give substantial deference to the agency's ruling on the issue of cause. (*Department of Mental Health & Developmental Disabilities,* 85 Ill. 2d at 551.) Furthermore, the reviewing court is not to reweigh the evidence or make independent determinations of fact, but is limited to a determination of whether the final decision of the agency is just and reasonable in light of the evidence presented. (*Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 471.) Our careful review of the record reveals that the Board had sufficient reason for finding cause to discharge plaintiff. The evidence presented to the Board illustrated how plaintiff refused to take supervisory instruction and to perform the orders of her supervisor, allowed her work performance to suffer and acted in an unprofessional manner toward her supervisor. Plaintiff's misconduct directly affected the requirements of her employment. Based upon this evidence, which the Board found to be credible, we believe that the decision of the Board to discharge plaintiff was just, reasonable and related to the requirement of the service. Accordingly, the Board's findings of fact were not contrary to the manifest weight of the evidence, and they were sufficient to support its determination that there was cause to discharge plaintiff.

We conclude that the Board's finding of cause to discharge plaintiff was not arbitrary and unreasonable, nor was it unrelated to the needs of the service. Accordingly, we reverse the judgment of the circuit court.

Reversed.

JIGANTI and LINN, JJ., concur.