RAYMOND LIPPERT, Plaintiff-Appellant, v. PROPERTY TAX APPEAL BOARD et al., Defendants-Appellees.

Fourth District    No. 4—94—0407

Opinion filed June 30, 1995.

George J. Lewis (argued), of Lewis, Blickhan, Longlett & Timmerwilke, of Quincy, for appellant.

Robert K. Adrian, Assistant State's Attorney, of Quincy, for appellees Adams County Board of Review and County of Adams.

James A. Rapp, of Hutmacher, Rapp & Ortbal, P.C., of Quincy, for appellee Board of Education of Community Unit School District No. 337, Counties of Hancock, Adams and Schuyler.

Dennis W. Gorman and Terrence J. Anastas, both of Gorman & Anastas, of Quincy, for appellee Board of Education of Community Unit School District No. 3, Adams County.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General (argued), of counsel), for appellee Property Tax Appeal Board.

JUSTICE STEIGMANN delivered the opinion of the court:

In November 1981, plaintiff, Raymond Lippert, filed objections to the 1981 property tax assessment of real estate he owned in Adams County, Illinois. The Adams County Board of Review (County Board)

rejected plaintiff's objections, and in February 1984, on administrative review, the Illinois Property Tax Appeal Board (Tax Board) affirmed the County Board's decision.

In July 1987, the circuit court reversed the Tax Board's decision and remanded the case for further proceedings. In July 1991, the Tax Board again affirmed the original assessment of plaintiff's property. On plaintiff's motion, this decision was filed in the circuit court in November 1993, and two weeks later, plaintiff filed his objections to the remand decision. Defendants moved to dismiss the objections on the ground that they were not timely filed. In March 1994, the circuit court dismissed plaintiff's objections. Plaintiff appeals. We reverse and remand.

## I. BACKGROUND

In February 1984, the Tax Board upheld the decision of the County Board on the valuation of plaintiff's real estate for the 1981 tax year. Plaintiff then filed a complaint for administrative review of the Tax Board's decision and named as defendants the Tax Board, its chairman, Adams County, and the County Board. In April 1984, defendants filed a motion to dismiss, and the original complaint was dismissed with leave to file an amended complaint. In May 1984, plaintiff's amended complaint was filed, adding the Boards of Education of Community Unit School District No. 3 of Adams County and District No. 337 of Adams, Hancock, and Schuyler Counties as defendants.

In March 1987, the circuit court conducted a hearing, and in July 1987, it reversed the Tax Board's decision and remanded the case with instructions. In August 1987, defendants filed a motion for reconsideration. Following denial of that motion in September 1987, an appeal was taken in October 1987, but was dismissed in January 1988 on the Tax Board's motion on the basis that the circuit court's ruling was not a final order. *Lippert v. State of Illinois Property Tax Appeal Board* (January 28, 1988), No. 4—87—0707 (order of dismissal).

In July 1991, the Tax Board issued its decision after remand, ruling that the County Board's determination was correct. A copy of that decision was mailed to each of the parties in July 1991, but it was not filed in the circuit court until plaintiff sought, and was granted, leave to do so in November 1993.

Two weeks later, plaintiff filed his objections to the Tax Board's decision on remand. On February 8, 1994, defendants Adams County, the County Board, and the school districts filed a motion to dismiss plaintiff's objections to the Tax Board's remand decision, arguing

that (1) plaintiff's objections were untimely under the Administrative Review Law (Law) (735 ILCS 5/3—101 *et seq.* (West 1992)); (2) the objections should be barred by the doctrine of *laches*; and (3) the Tax Board did not have jurisdiction to accept plaintiff's original appeal of his farm assessment for 1981 as an individual taxpayer pursuant to Attorney General Opinion 82—038 (1982 Ill. Att'y Gen. Op. 118, No. 82—038).

In March 1994, the circuit court dismissed plaintiff's objections, ruling that it did not have subject-matter jurisdiction to rule on them because plaintiff failed to take any action within 35 days of the Tax Board's issuance of its decision on remand. The court stated that plaintiff should have filed a motion, objections, or a new complaint within 35 days of the issuance of the decision by the Board if he wished to seek review.

## II. ANALYSIS

### A. *Action Required by Plaintiff To Preserve Jurisdiction of the Circuit Court*

■ A circuit court's remand to an administrative agency is a non-final order if the agency must do more than enter a judgment or decree in accordance with the court's directions. If the court remands the cause for a new hearing, the rights of the parties have not yet been fully and finally adjudicated. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249-50, 449 N.E.2d 843, 844-45.) Once a circuit court obtains jurisdiction of an action in administrative review, it retains jurisdiction of the action "until final disposition thereof." (Ill. Rev. Stat. 1991, ch. 110, par. 3—104.) When a circuit court reverses and remands an agency decision for further proceedings and findings, it retains jurisdiction of the cause after remand. (*Grames v. Illinois State Police* (1993), 254 Ill. App. 3d 191, 197-98, 625 N.E.2d 945, 951.) As a result, a new complaint for administrative review need not be filed in order to revest the circuit court with jurisdiction of the matter. (*Kelly v. Board of Trustees* (1990), 201 Ill. App. 3d 692, 698, 559 N.E.2d 196, 200; *Saal v. County of Carroll* (1989), 181 Ill. App. 3d 327, 334-35, 536 N.E.2d 1299, 1304.) The court in *Kelly* held that "[t]he jurisdiction of the circuit court had been established pursuant to statute (Ill. Rev. Stat. 1983, ch. 110, par. 3—103), when plaintiff filed her initial complaint for administrative review in this action. Therefore, plaintiff was not required to follow the statutory procedure" in seeking review of the agency's decision on remand. *Kelly*, 201 Ill. App. 3d at 698, 559 N.E.2d at 200.

However, little guidance exists in the statutes or case law regarding what steps must be taken—and when—by a party who seeks to

have the circuit court again review the agency's decision issued after the circuit court's earlier remand. (*Grames*, 254 Ill. App. 3d at 198, 625 N.E.2d at 951.) This case requires us to resolve these issues.

■ We earlier noted that once a complaint for administrative review is filed in the circuit court, that court retains jurisdiction of the case until its "final disposition." Accordingly, we hold that plaintiff here was not required to file a new complaint for administrative review in order to vest the circuit court with jurisdiction because the court's jurisdiction remained from the filing of the initial complaint for administrative review. (Ill. Rev. Stat. 1991, ch. 110, par. 3—104.) We agree with the court in *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1008, 443 N.E.2d 268, 270, wherein the court wrote the following: "[w]here the circuit court has the power to remand an agency decision for further hearings or proceedings, *** that jurisdiction must necessarily remain with the circuit court until after disposition of these further matters. Only after the circuit court has examined the results of these additional proceedings will we recognize its subsequent order as being final and appealable."

■ Under section 3—104 of the Law, plaintiff had no burden to do anything to bring the matter back to the attention of the circuit court following the agency's issuance of its decision on remand. (Ill. Rev. Stat. 1991, ch. 110, par. 3—104.) Therefore, we conclude that the circuit court erred by dismissing plaintiff's objections to the Tax Board's ruling following remand. To hold otherwise would constitute judicial legislating, even though decades could conceivably pass without the decision becoming a final disposition under the statute.

It is up to the legislature to spell out what actions must be taken—and to set the time limits for taking them—when a party seeks review of an agency decision issued after an initial remand by the circuit court. For instance, the legislature might choose to amend section 3—104 of the Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—104) to make the relationship between the administrative agency and the circuit court sitting in administrative review analogous to that which exists between circuit and appellate courts. In such a scenario, a decision of an administrative agency issued following remand would constitute a new final agency decision, necessitating a new petition for review. Under these circumstances, the agency's decision on remand would not necessarily have to be brought to the attention of the circuit court in order to become a "final disposition" of the case. If neither party sought review of the decision on remand, it would become final once the statutory period for filing a petition for review expired with respect to that decision. See Ill. Rev. Stat. 1991, ch. 110, par. 3—103.

## B. *Laches*

■ Defendants also argue that even if the circuit court had jurisdiction over the case, the dismissal of plaintiff's objections should be affirmed based on the doctrine of *laches*. Although defendants argue that the doctrine is not strictly limited to actions in equity, this court has held otherwise. See *Smith v. Intergovernmental Solid Waste Disposal Association* (1992), 239 Ill. App. 3d 123, 135, 605 N.E.2d 654, 661; *People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444, 446, 462 N.E.2d 817, 819.

Even if *laches* could apply to this action, defendants have not adequately proved the elements necessary to invoke the doctrine. The two fundamental elements of *laches* are (1) lack of due diligence by the party asserting a claim, and (2) prejudice to the opposing party. *Van Milligan v. Board of Fire & Police Commissioners* (1994), 158 Ill. 2d 85, 89, 630 N.E.2d 830, 833; *Tully v. State* (1991), 143 Ill. 2d 425, 432, 574 N.E.2d 659, 662.

Plaintiff is correct in asserting that refunding taxes to a taxpayer who was forced to pay an overassessment is not prejudicial to the taxing body. Likewise, defendants' argument that the county *may* be prejudiced by having to adjust its budget is unavailing. The county made no showing it would actually be forced to adjust its budget, but merely speculates about the matter. Speculation that a party might have proceeded differently is insufficient to prove harm as a result of an opposing party's delay. (*Van Milligan*, 158 Ill. 2d at 91, 630 N.E.2d at 833.) No evidence exists of the magnitude of plaintiff's potential refund or of how substantial it might be in relation to the county's total budget.

## III. CONCLUSION

For the reasons stated, we reverse and remand to the circuit court to consider plaintiff's objections to the Tax Board's decision.

Reversed and remanded.

KNECHT, P.J., and GREEN, J., concur.