SECOND DIVISION

March 20, 2001

1-00-0890

)

EMMANUEL IKPOH, )

   ) Appeal from the

Plaintiff-Appellant, ) Circuit Court of

) Cook County 

)

)

NIKKI ZOLLAR, MEDICAL DISCIPLINARY )

BOARD, PATRICIA DANIELS and the ) 

ILLINOIS DEPARTMENT OF PROFESSIONAL ) 

REGULATION, ) Honorable

) Ellis E. Reid,

Defendants-Appellees. ) Judge Presiding.

)

JUSTICE GORDON delivered the opinion of the court: 

Plaintiff Emmanuel Ikpoh (Ikpoh) appeals from the judgement of the circuit court of Cook County upholding the administrative action in part and remanding certain dispositive issues back to the Illinois Department of Professional Regulation (the Department) for further proceedings.  We dismiss this appeal for lack of subject matter jurisdiction since the order of the circuit court cannot be deemed final and appealable where dispositive matters were remanded for further hearing and consideration by the Department.

BACKGROUND

The following facts are not in dispute.  On July 30, 1990, Ikpoh was found guilty in the circuit court of DuPage County of aggravated criminal sexual abuse and a judgement of conviction on that charge was entered on November 6, 1990.  Ikpoh's medical license was suspended on August 2, 1990, and revoked in 1991.  On February 15, 1996, Ikpoh filed a "Petition for Restoration" with the Department asking that his medical license be restored.  In his petition, Ikpoh stated that he had not been arrested or convicted since his license was revoked.  An administrative law judge with the Department held a hearing on the petition on October 16, 1996.

On August 26, 1997, after the hearing on his petition, Ikpoh was arrested in Bartlett, Illinois, for failing to register as a sex offender as required by law.  He was indicted on this charge on September 12, 1997.

On September, 11, 1997, the Director of the Illinois Department of Professional Regulation (the Director) granted the petition for restoration, subject to several conditions.  Then on September 19, 1997, the Chief of Prosecutions for the Department filed with the Department a "Motion to Supplement Record and Vacate Order" (motion to vacate).  The motion to vacate set forth Ikpoh's arrest and indictment for failing to register as a sex offender and consequently asked that the order of September 11, 1997, be vacated.  On that same day, the Director vacated the order of September 11, 1997, and remanded the matter to the administrative law judge to supplement the record with this additional evidence.  The administrative law judge recommended that Ikpoh's petition for restoration be denied and on August 5, 1998, the petition was denied by the Director.

On September 9, 1998, Ikpoh filed a "Complaint for Administrative Review" with the circuit court of Cook County.  Ikpoh asked that the orders of September 19, 1997, and August 5, 1998, be vacated and that the court find the order of September 11, 1997, to be valid.  

On February 15, 2000, the circuit court issued an order.  The court found that the September 11, 1997, order was not a final administrative order, and that even if it were final, the Department was authorized to vacate it under the Department's rules.  The court said that it could not, however, determine if the August 5, 1998, order was entered against the manifest weight of the evidence.  The court thus remanded to the administrative agency to determine how the Department's knowledge of Ikpoh's arrest was acquired; whether the arrest was the result of any activity attributable to the Department; whether there was collusion surrounding the arrest and why Ikpoh was initially arrested.  The court also remanded to determine if several technical errors were prejudicial to Ikpoh.  These included that an affidavit was not attached to the Department's motion to vacate and insufficient notice to Ikpoh of the "Motion to Supplement the Record and Vacate Order."  In its order the circuit court made a Rule 304(a) finding that there was no just cause to delay enforcement or appeal from the order.  On appeal, the appellant contends that the September 11, 1997, order was a final administrative order; that the Department was not authorized to vacate that order; that the motion to vacate was predicated on matters which arose after the petition was filed and therefore should have been brought as part of a new proceeding against Ikpoh; and that the September 19, 1997, order was improperly granted because the motion to vacate did not have an affidavit attached and because it was granted in a manner which violated both due process and the Administrative Procedure Act. 

ANALYSIS

The Department first argues that this court lacks jurisdiction of the subject matter over this cause by reason of the fact that the February 15, 2000, order from which Ikpoh appeals did not have the requisite finality.  The Department contends that the order of February 15, 2000, is not final because in that order the circuit court remanded this cause to the Department for an evidentiary hearing.  Ikpoh argues that the order is final because the circuit court made a finding pursuant to Rule 304(a) (155 Ill. 2d R. 304(a)) that it was a final and appealable order and because there were three distinct claims before the circuit court, two of which were resolved by the February 15, 2000, order and are thus appealable under Rule 304(a).  We agree with the Department.

"The law is well established that unless specifically authorized by the rules of [the supreme] court, the appellate court has no jurisdiction to review judgments, orders or decrees which are not final."  
Department of Central Management Services v. American Federation of State, County and Municipal Employees
, 182 Ill. 2d 234, 238, 695 N.E.2d 444, 446 (1998).  Supreme Court Rule 304(a) provides in part that:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgement as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both."   155 Ill. 2d R. 304(a).

"An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof."  
R.W. Dunteman Company v. C/G Enterprises, Inc.
,  181 Ill. 2d 153, 159, 692 N.E.2d 306, 310 (1998).  "The ultimate question to be decided in each case is whether the judgement fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined."  
Wilkey v. Illinois Racing Board
, 96 Ill. 2d 245, 249, 449 N.E.2d 843, 844 (1983).  

Our supreme court applies the standard for finality of decisions of the appellate court to a circuit court's review of administrative decisions.  
Wilkey
, 96 Ill. 2d at 250, 449 N.E.2d at 845.  "[W]here a cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character."  
Wilkey
, 96 Ill. 2d at 249-51, 449 N.E.2d at 844-45.  "If, upon remandment, the trial court has only to enter a judgment or decree in accordance with the directions of the reviewing court, or to conduct further proceedings on uncontroverted incidental matters, then, irrespective of the remanding clause in the judgment order, the judgment of the Appellate Court is final and reviewable."  
Wilkey
, 96 Ill. 2d 249, 449 N.E.2d 844. 

The appellate court has thus stated that if "the court remands the cause [to the administrative agency] for a new hearing, the rights of the parties have not yet been fully and finally adjudicated."  
Lippert v. State Property Tax Appeal Board
, 273 Ill. App. 3d 150, 153, 652 N.E.2d 461, 463 (1995); accord 
Page v. City of Chicago
, 299 Ill. App. 3d 450, 457, 701 N.E.2d 218, 223 (1998).  As this court has noted,

"Where the circuit court has the power to remand an agency decision for further hearings or proceedings, we feel that jurisdiction must necessarily remain with the circuit court until after disposition of these further matters.  Only after the circuit court has examined the results of these additional proceedings will we recognize its subsequent order as being final and appealable."  
Mitrenga v. Martin
, 110 Ill. App. 3d 1006, 1008, 443 N.E.2d 268, 270 (1982). 

Accord 
Lippert
, 273 Ill. App. 3d at 154, 652 N.E.2d 464
.

This reasoning is supported by an analysis of Supreme Court Rule 306.  166 Ill. 2d R. 306.  Rule 306(a)(6) provides that a party may petition for leave to appeal to the appellate court "from an order of the circuit court which remands the proceedings for a hearing 
de novo
 before an administrative agency."  166 Ill. 2d R. 306(a).  Under Rule 306(b) any such petition must be accompanied by a supporting record and the opponent has the right to file a timely answer and a supplemental supporting record. 166 Ill. 2d R. 306(b).  Thus under Rule 306(a)(6), an appeal from an order which remands a matter back to the administrative agency is not appealable as a matter of right from a final order, but is interlocutory and requiring a petition for leave to appeal which this court may grant or deny at its discretion.  
Cf.
 
In re Marriage of Leopando
, 96 Ill. 2d 114, 118, 449 N.E.2d 137, 139 (1983) (custody orders not final and appealable under Rule 304(a) where Rule 306(a), provided that such orders were interlocutory and for such orders to be appealed upon allowance of a petition for leave to appeal).

In the case at bar, the circuit court remanded the cause for further review by the Department, an administrative agency.  The court ordered that on remand the Department conduct a hearing to determine the circumstances surrounding Ikpoh's arrest and that the result of that hearing would be dispositive as to the restoration of Ikpoh's license.  Since the cause was remanded for a hearing, the order was not final.  
Lippert
, 273 Ill. App. 3d at 153, 652 N.E.2d at 463;  
Page
, 299 Ill. App. 3d at 457, 701 N.E.2d at 223.  If Ikpoh wished to appeal from this non-final order, his recourse was to petition this court for leave to appeal under Rule 306(a)(6) and to comply with all of the procedural requirements under Rule 306(b), none of which he did.  166 Ill. 2d R. 306(a)(6), 306(b).

Ikpoh contends that the February 15, 2000, order is final and appealable because the circuit court made a written finding that it was appealable pursuant to Rule 304(a).  Ikpoh clearly misunderstands Illinois law on this point.  The presence of a written finding of appealability pursuant to Rule 304(a) does not in itself make an order appealable and this court is not bound by the circuit court's finding of appealability.  
Metzger v. Fitzsimmons
, 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180 (1988) ("The fact that an order contains *** language [stating that there is no just reason to delay enforcement or appeal] does not make an otherwise non-final order appealable").

Ikpoh next contends that this appeal is cognizable under Rule 304(a) because there were multiple claims before the circuit court.  These include:

"[1] Whether the Department's order of September 11, 1997, was a final administrative decision, thereby terminating the Department's jurisdiction over the case or in the alternative whether the Department could vacate a final administrative decision.

[2] Whether the Department's order of September 19, 1997, was improperly entered as the result of an 
ex parte
 proceeding.

[3] Whether the denial of Dr. Ikpoh's petition for Restoration by the Department's order of August 5, 1998, was against the manifest weight of the evidence."

Ikpoh argues that each of the forgoing constitutes a distinct claim and that the circuit court found against him on the first two of these three putative claims.  Ikpoh thus seeks to render the findings on these two putative claims appealable under Rule 304(a) notwithstanding the provision under Rule 306(a)(6).  We disagree.  

 "An order is considered final if it disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof."  
Arachnid, Inc. v. Beall
, 210 Ill. App. 3d 1096, 1103, 569 N.E.2d 1273, 1277 (1991).  "It is well established that the statement of a single claim in several ways, even by multiple counts, does not warrant a separate appeal."  
Arachnid
, 210 Ill. App. 3d at 1103, 569 N.E.2d at 1277 (complaint containing two counts for breach of contract and one for torturous interference with contractual rights contained only one claim); accord 
Rice v. Burnley
, 230 Ill. App. 3d 987, 991, 596 N.E.2d 105, 107 (1992); 
Hull v. City of Chicago
, 165 Ill. App. 3d 732, 733, 520 N.E.2d 720, 721 (where complaint alleged several different negligent acts and omissions but advanced only one theory of recovery, namely negligence, the action only involved a single claim); see also 
Leopando
, 96 Ill. 2d at 119, 449 N.E.2d at 140 (determination of child custody is not a separate claim in an action for dissolution of marriage).  "[W]here the bases for recovery under the counts that are dismissed are different than those under the counts left standing, the dismissal is appealable because it disposes of a distinct cause of action."  
Heinrich v. Peabody International Corporation
, 99 Ill. 2d 344, 348, 459 N.E.2d 935, 938 (1984).

The three issues identified by Ikpoh do not constitute separate claims.  Ikpoh's petition for restoration at the administrative level only makes one claim, namely that Ikpoh's right to practice medicine should be restored.  The three issues which Ikpoh contends are separate claims are not claims at all but merely arguments on appeal to the circuit court to support reversal of the Department's single order disposing of his single claim for restoration of his license.  On review at the circuit court level, the court is without power to hear new evidence or provide relief other than that appropriate to a reviewing court.  In this respect, the relationship between the circuit court sitting in administrative review and the administrative agency is analogous to the relationship between a trial court in a non-administrative review proceeding and an appellate court.  
Schewig v. Schacht
, 276 Ill. App. 3d 311, 315, 657 N.E.2d 1152, 1155 (1995) (duty of appellate court in "administrative review case is the same as that of the circuit court"); 
Biscan v. Village of Melrose Park Board of Fire and Police Commissioners
, 277 Ill. App. 3d 844, 847, 661 N.E.2d 424, 427 (1996) (sole duty of circuit court "in an administrative review action is to review administrative record to determine whether agency's decision is against the manifest weight of the evidence").  Thus it would be inappropriate to attempt to characterize arguments made on appellate review as constituting separate claims for relief other than the claim initially raised before the administrative agency from which the appeal was taken.  
Western Casualty & Surety Company v. Brochu
, 105 Ill. 2d 486, 500, 475 N.E.2d. 872, 879 (1985) (issues not raised in the trial court are waived and may not be raised for the first time on appeal).   

Ikpoh's reliance on 
Krivitskie v. Cramlett
, 301 Ill. App. 3d 705, 704 N.E.2d 957 (1998), is misplaced.  In 
Krivitskie
 the court held that a count for willful and wanton misconduct was sufficiently distinct from a count for negligence in the same lawsuit to permit an appeal from the dismissal of the willful and wanton count under Rule 304(a) where the negligence count was not dismissed.  The court reasoned that while the two counts were not separate causes of action, they required different elements to establish a proper claim and therefore were sufficiently distinct to allow a Rule 304(a) appeal from the dismissal of one count.

Krivitskie
 is distinguishable, in that unlike the case at bar, it considers a situation where two different counts at the trial level, proposing different theories are brought.  In the case at bar, Ikpoh simply brought before an administrative agency a petition for restoration of his license which only contained one claim
.  He only raised multiple issues on appeal to the circuit court as reasons for reversal on appeal.  As already discussed, these reasons on appeal do not lend themselves to be characterized as separate claims under Rule 304(a), so as to pass on a piecemeal basis for further review by a higher court of review.

Likewise, Ikpoh's reliance on 
Heller Financial, Inc. v. Johns-Byrne Company
, 246 Ill. App. 3d 754, 617 N.E.2d 1 (1992), is similarly misplaced.  In 
Heller Financial
 the court found that where the trial court entered an order specifying the minimum amount plaintiff was owed by defendant, that order was final and appealable under Rule 304(a).  In the facts of 
Heller Financial
 the plaintiff sued the defendant to collect on an equipment lease.  The trial court entered partial summary judgement for the minimum amount which the plaintiff owed the defendant and left the issue of the total recovery for the trier of fact.  On appeal, the court reasoned that while 304(a) only applied to cases with multiple claims, the case contained multiple claims which it defined as "any right, liability or matter" raised in an action.  The court reasoned that "a plaintiff could move for summary judgement on 'any part of the relief sought,' and that thus, the grant of partial summary judgement was a final order for purposes of appeal."  
Heller Financial
, 246 Ill. App. 3d at 758, 617 N.E.2d at 4.  The court then held that the order was final "since it clearly disposes of the rights of the parties in regard to some definite part of the controversy."

We have some question as to the correctness of
 the analysis in 
Heller Financial
 in determining what constitutes a separate claim.  See 
Leopando
, 96 Ill. 2d at 119, 449 N.E.2d at 140 (determination of child custody is not a separate claim in an action for dissolution of marriage).  However, even if we were to agree with the analysis in 
Heller Financial
, it would not be applicable to these facts, or to this case, since here there was no partial adjudication of plaintiff's claim which was initiated at the administrative level.  Rather, the entire claim for the restoration of Ikpoh's license was denied at the administrative level and came up on appeal to the circuit court for administrative review.  On review, the circuit court disposed of the reasons given in support of reversal by rejecting some and questioning and remanding on others.  There is no basis upon which to conclude that Rule 304(a) would permit fragmentation on further appeal of the reasons urged for review in the initial appeal, which in this case commenced in the circuit court.

For the forgoing reasons, the instant appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

COUSINS and McBRIDE, JJ., concur.